# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GAYLE V. HAYES' ADM'R & ALS.

August 14, 1884.

1. INFANTS—*Necessaries.*—What are necessaries for which infant's estate is liable, depends on his condition and circumstances.

2. IDEM—*Idem—Case at Bar.*—In 1871 G. married widow having son ten years old, and lived with them on land owned by her as her dower and by son in fee expectant on her decease. Present worth of his interest was only $977.55. He had no personality. In 1874 he was reasonably well educated. He died in 1878. G. set up against his estate a claim of $799.83, for his maintenance and education during years 1874 to 1878, inclusive.

HELD:

G.'s claim is not sustainable as being for necessaries.

3. CONSTRUCTION OF STATUTES—*Realty as Assets—Infant's Realty.*— Statute making real estate of any person dying intestate assets for payment of his debts, does not warrant a sale of infant's real estate, even to satisfy a claim for necessaries. Code 1873, chapter 127, section 3.

4. GUARDIAN AND WARD—*Income.*—Out of annual proceeds of ward's estate his maintenance and education may be provided. To pay expense therefor in excess of annual income chancery court may order sale of his personality. But neither ward himself nor his real estate is liable therefor. *Ibid,* sec. 7, 8 and 9.

5. IDEM—*Sale of Ward's Realty.*—Not until act passed 17th March, 1873, (*Ibid,* section 13), was it lawful for the court to order application of proceeds of ward's real estate, beyond annual income, to his maintenance and education. And under that act such order must always precede such application. *Rinker* v. *Streit,* 33 Gratt. 653.

6. IDEM—*Creditor of Infant.*—Such creditor occupies no higher ground *quoad* infant or his property than guardian occupies. *Evans* v. *Pearce,* 15 Gratt. 513.

Appeal from decree of circuit court of Mecklenburg county, rendered 22d November, 1882, in cause wherein D. D. Gayle

was complainant and I. M. Sloan, administrator of E. C. Hayes, deceased, and others, were defendants. Argued at Richmond, but decided at Wytheville. D. D. Gayle, in November, 1871, married Fanny C., widow of George L. Hayes, Sr. At the time of the marriage she had an only child, a son ten years old. To him his father had conveyed a tract of 535 acres of land, and to children by previous wives, he had conveyed other lands. This entire tract of 535 acres was assigned as dower to the said Fanny C., so that her son's estate therein was expectant in possession on her life. His interest therein was valued at $977.55. He had no personalty. He had attended a good school, and in 1874 was, for his age and circumstances, considered tolerably well educated. Gayle and wife, however, kept him at school, furnished him nice clothes, and a riding-horse for his pleasure. He died in July, 1878. Gayle set up against his estate in said suit a claim for maintenance and education, as being for necessaries furnished him during the years 1874, 1875, 1876, and 1877, amounting to $799.83, and praying that his estate in said tract of land be sold, and the proceeds applied to satisfy his claim.

The circuit court decided it had no power to sell the real estate, and dismissed the bill with costs. From the decree, Gayle obtained an appeal to this court. Opinion states the facts more in detail.

*A. S. Lee,* for the appellant.

*W. W. Henry, Finch & Atkins, William E. Homes,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court:

It appears from the record that, in the year 1867, George L. Hayes, Sr., died intestate, in the county of Mecklenburg, leaving his widow, Fanny C. Hayes; George L. Hayes, Jr., a son by his first marriage (the said George L. Hayes, Sr., having been four

times married); Emma F. Hayes (now Edmondson) a daughter
by his second marriage; and E. C. Hayes, a son by his fourth
marriage, surviving him.   The said George L. Hayes, Sr., died
much indebted, and his entire personal estate was consumed in
the payment of his debts.   A short time before his death, the
said George L. Hayes, Sr., made conveyances of his entire real
estate (except 150 acres thereof, as to which he died intestate)
to and among his children, George L. Hayes, Jr., Emma F.
Hayes (now the wife of James Edmondson), and E. C. Hayes.
To the first two named children, he, the said grantor, George L.
Hayes, Sr., by deeds of bargain and sale, conveyed two tracts of
land; and to E. C. Hayes, who, at that time was an infant of
tender age, he, the said grantor, by deed of gift dated 22d Feb-
ruary, 1867, conveyed his mansion-house tract of land contain-
ing 535 acres, but providing in the said deed, that the interest
and estate thereby conveyed should not take effect in possession
to the said grantee until the death of him the said grantor.
The said grantor, George L. Hayes, Sr., died in 1867, soon after
executing the deed of gift aforesaid to his son, E. C. Hayes.
The widow of the said grantor claimed her dower, which, by a
decree of the said circuit court, was duly assigned to her in the
said mansion-house tract of 535 acres, which had been conveyed
to E. C. Hayes by deed of gift aforesaid.   The effect of this as-
signment of dower, by regular proceedings and decree of a court
of competent jurisdiction, was to postpone the period of posses-
sion and enjoyment by the said E. C. Hayes during the lifetime
of the said widow, his mother, who at that time, was of the age
of thirty-two years, and in vigor of health.   The infant dece-
dent, E. C. Hayes, died in the county of Mecklenburg, July
14th, 1878, in the eighteenth year of his age.   By the event of
his death, his fee simple estate in the tract of 535 acres of land,
subject to the dower estate of his mother (his father's widow)
therein, passed, by operation of law, to his half brother, George
L. Hayes, and his half sister, Emma F. Edmondson.   (Code
1873, chapter 119, sec. 9).

The widow, Mrs. Fannie C. Hayes, on the 1st of November, 1871, intermarried with the appellant, D. D. Gayle, who thereby—*jure mariti*—as the law then was, acquired her entire personal property, and the right to the perception of the rents and profits of her dower land.

In 1879 the appellant, D. D. Gayle, the stepfather of the said infant, E. C. Hayes, filed his bill in this suit, claiming to subject the interest of the infant decedent, E. C. Hayes, in the said dower tract of 535 acres of land, to the payment of an account claimed to be due to him for maintenance, support, and education of the said infant, E. C. Hayes, from the 1st January, 1868, to January, 1st, 1878, amounting to $3,248.47.

The appellees answered the bill and denied the correctness of the account, or, if correct, that the land was liable to be sold to pay it, and also pleaded the statute of limitations.

By an interlocutory decree of the circuit court of Mecklenburg, at its June term, 1879, the matter was referred to one of the commissioners of the court to take certain accounts ordered. In obedience to this order Commissioner Faulkner, after taking the testimony of twenty witnesses, reported that the estate of E. C. Hayes was indebted to the appellant, his stepfather, for *necessaries* (being for maintenance, education, and support for the years 1874, 1875, 1876, and 1877), in the sum of $799.83. To this report both complainant and defendant filed exceptions.

At the May term, 1882, the said circuit court entered a decree overruling all exceptions to the said report of the commissioner and confirming the same, and it appearing that the infant intestate owned no personal estate, and the court not being advised that it had the power to sell the real estate, continued the cause. At the November term, 1882, the court entered a final decree, deciding that it had no power to sell the real estate, and dismissing the bill with costs.

The question presented by this record is, did the circuit court err in its decree of May term, 1882, in deciding that the account stated and reported by the commissioner, of $799.83, is for *neces-*

*saries;* and did it err in its final decree of November term, 1882, deciding that it had no power to sell the real estate of the infant decedent, E. C. Hayes, and subject it to the satisfaction of the said claim of the appellant for advances made to said infant decedent, so reported by the commissioner and approved and confirmed by the court?

The appellant only claims that there is error in the decree of November term, 1882, while the appellees insist, that the only error in the proceedings is in the decree of May term, 1882.

Our first inquiry is, do the facts and testimony in this cause make out such a case as would justify a court of equity in selling the real estate of the infant intestate to pay the account reported by the master commissioner as due to appellant for *necessaries* furnished the said infant in the way of board, clothing and education, from the 10th February, 1874, to the 1st January, 1878, even if the court had the power to do so? These *necessaries* amounted to $799.83, while, according to the same report, the value of the infant's whole estate was only $977.55.

Until the 19th day of March, 1873, there was no law in Virginia which permitted any part of an infant's real estate to be appropriated to his maintenance, education, or support. On that day the legislature passed an act (Acts 1872–73, page 178), giving the circuit courts the power to apply the proceeds of his real estate, beyond the income, to the infant's maintenance and education, and declaring that to the extent such proceeds were so applied, and no further, they should be deemed personal estate. This court, in the case of *Rinker & Wife* v. *Streit,* 33 Gratt. 667–8, decided that this act is not *retroactive,* that the order of the court for the sale of infant's lands and application of the proceeds must be made anterior to the advancements, or the court has no power to sanction it.

On the 11th of February, 1874, the time this account for necessaries, reported by the master and approved by the court, began to run, the infant intestate, E. C. Hayes, was about fourteen years of age. He was an only child living with his mother,

a widow, and had been sent by her to school to an able and experienced teacher during the years 1868, 1869, 1870 and 1871, and the testimony of appellant's own witness is, that, even in 1868, he was studying English, Latin, Greek and mathematics, so that it is a reasonable inference, that, in 1871 (November), when D. D. Gayle, the appellant, married his mother, the infant decedent, E. C. Hayes, had acquired a fair education. The appellant married his widowed mother and went to live with her and her fourteen year old son upon this 535 acre tract of dower land, which belonged to her son, E. C. Hayes, after her death, and has continued to live there ever since.

If this boy's mother and step-father were not willing or able to support him, and had applied to the circuit court to sell his estate in remainder, after the determination of his mother's life estate in the dower tract of 535 acres, and to apply the proceeds to his education and support, would the court, in the exercise of a sound discretion and the wise policy of the law in conservation of infant's real estate, have been justified in doing so? Would not the court have said that his circumstances and prospects in life did not call for or justify further outlay in his education and support; and that common sense and prudence required that he be put to some business, so as to support himself, and not convert and spend his interest in remainder in the 535 acre tract of his mother's dower land?

If, as claimed by appellant, he and his wife chose to maintain this boy (her son and his step-son), and to clothe him finer than other youths in the neighborhood, and give him a classical education, and furnish him with a riding-horse and other equipments for his pleasure; all these were luxuries and accomplishments; but, in no sense of the word, or of the law, could they be called or construed to be necessaries.

But, on the assumption that the decree of May term, 1882, was right, that the account was for *necessaries* furnished the infant by appellant, we are of opinion that the circuit court was right, and did not err in its decree of November term, 1882, de-

ciding that the infant's interest in remainder in the dower tract of 535 acres could not be sold, and in dismissing the complainant's bill.

The appellant insists, that this case is not similar to that of *Rinker & Wife* v. *Streit*, 33 Gratt., *supra;* that that was a case of guardian and ward, while this is a case of creditor and debtor, and he insists that he has a right to sell the infant's land by virtue of chapter 127, section 3, of the Code 1873, which declares, that "all real estate of *any person* who may hereafter die, or to which he may die intestate, shall be assets for the payment of decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied."

The object and scope of this statute is not to change the wise policy and salutary restraint of the law in regard to the protection and preservation of the real property of infants from sale, and the implications of contracts, during infancy; and it does not warrant the sale thereof, even to satisfy a claim for *necessaries.*

The third section, chapter 127, Code 1873, relied on by appellant, has been, in one form or another, the law since March, 1842, and it was intended to make *real estate* legal assets for the payment of all debts. Before that time it was only bound for the payment of *specialty* debts. When it was enacted, and long afterwards, till 19th March, 1873, the real estate of infants was not liable to the payment of any charges of his guardian, or *quasi* guardian, for his maintenance or education. 1 Minor's Inst. 442; *Garrett* v. *Carr*, 1 Rob. 209; *Jackson* v. *Jackson*, 1 Gratt. 150.

By the act of 19th March, 1873, a court of chancery may direct the sale of infant's real estate and application of proceeds to his maintenance and education upon the application of his guardian *beforehand*. Code 1873, section 4, chapter 127; 1 Minor, 442-3.

The law has wisely provided that the real estate of infants

shall not be made liable, even for *necessaries* actually and kindly furnished to the infant, unless it be made to appear to the satisfaction of a circuit court, *before* the appropriation or advancements are made, that it is to the benefit or interest of the infant to do so.

By the Code 1873, section 9, chapter 123, disbursements by a guardian, beyond the income of his ward, are prohibited, except in certain cases, and in those cases the court may sell such portions of the infant's personalty as may be necessary to pay the balance of such expenditures ; " but neither the ward personally, nor his real estate, shall be liable for such disbursements." Such disbursements, while permitted to be paid out of personalty, are declared to be no debt nor lawful demand against the infant or his real estate. This act, which is subsequent to that subjecting real estate to payment of debts of decedents, must be taken as controlling this case, and by its express terms prohibiting the appellant, who stood in the relation of *quasi* or *de facto* guardian, from preferring his claim against the realty of the infant intestate. But did the appellant not occupy the relation of *quasi* guardian, and were his claim for *necessaries* (which it is not), still he could only subject the income of the infant's estate during his lifetime to the payment of his claim. *Barnum* v. *Frost*, 17 Gratt. 398; *Young* v. *Warne*, 2 Rob. 420.

There is nothing in appellant's case, as made out by evidence in this record, to entitle him to more than he can clearly and unavoidably claim under the letter of the law. The appellees, George L. Hayes and Emma F. Edmondson, received nothing from their father's estate ; the appellant married the widow, and in right of his wife is entitled to the possession and enjoyment of the land for her life. He placed himself in *loco parentis* to this infant son and only child of his wife, and he took no steps whatever to get the sanction or authority from the circuit court before he made the outlays for the support and education of the infant intestate, for which he now seeks to sell and subject his

estate in remainder in the dower tract of five hundred and thirty-five acres, which he already enjoys for the life of his wife.

Upon the law and facts of this case, we are of opinion that so much of the decree of the circuit court of May term, 1882, as decides that the account of $799.83 is for necessaries is erroneous, and that the decree of November term, 1882, which dismissed the plaintiff's bill is right, and must be affirmed.

DECREE AFFIRMED.