# Richmond.

WHITEHEAD v. BRADLEY AND ALS.

April 23d, 1891.

1. JUDICIAL SALES—*Payments to unbonded commissioner.*—Where purchaser, at sale made under decree of court, pays the purchase-money to sale commissioner who has not given the bond required by law, such payment is invalid, unless certificate of clerk that such bond has been given was published with advertisement of sale. Code 1887, §§ 3397, 3399.

2. GUARDIAN—*Corpus of ward's estate.*—Where sale commissioner paid purchase-money of infants realty sold under decree of court to guardian, and latter expended the principal thereof for ward's maintenance and education, without previous authority from the court: *held*, subsequent approval by the court is too late to give validity either to the expenditure or the payment.

3. RESALE—*Rule to show cause.*—After decree approving guardian's accounts and directing *inter alia* that certain moneys be deposited in bank, which could be withdrawn only on the order of the court, and how costs up to date of the decree should be paid : *held*, not too late for rules against purchasers of infants' property, sold under decree and purchase-money paid to unbonded commissioner, to show cause why said property should not be resold.

4. APPELLATE PRACTICE—*Insolvent guardian.*—Where in such case objection was not made in court below that guardian and sureties should first be exhausted before proceeding against purchasers: *held*, too late to make the objection here. And the more so, as the record shows that the guardian is insolvent. Nor was it necessary to proceed against the commissioner, who received no part of the funds and is not liable.

5. CHANCERY PRACTICE—*Resale—Rule.*—The proper proceeding to obtain the resale in the case here was by rule to show cause against it.

6. IDEM—*Code*, § *3425*.—Here the object of the rule is not to set aside the
   sale or the decree of sale, but to compel the purchasers to comply with
   their contracts by paying the purchase-money to persons entitled legally
   to receive it. The case does not come within Code 1887, § 3425.
7. CASES DISTINGUISHED.—The case here differs from *Thompson* v. *Brooke*,
   76 Va., 160. In that case commissioner was counsel of the parties
   entitled to the money, and it was collected by him at their solicitation.

Appeal from a decree of the circuit court of Henrico county,
rendered on the 12th of July, 1889, in a suit in equity wherein
William Bradley was plaintiff, and Ellen Briggs and others
were defendants, commenced in the circuit court of Chester-
field in 1874, and afterwards removed to the first-mentioned
court.

The bill was filed by Bradley, as guardian of his three
infant children, alleging that they were seized in fee of certain
real estate situate in Manchester, the income from which was
inadequate for their maintenance and education; that their
interests would be promoted by a sale of the property and an
investment of the proceeds in desirable interest-bearing stocks,
and praying that a sale be ordered. A guardian *ad litem* was
appointed for the infant defendants, who answered, admitting
the allegations of the bill, and submitting the interests of the
infants to the protection of the court. Depositions were taken,
and a sale was ordered by a decree entered on the 20th of
February, 1874. The decree appointed A. C. Attkisson and
Socrates Brooks commissioners of sale, and directed that before
they, or either of them, should receive any money under the
decree, bond should be given in a penalty of $6,000, condi-
tioned as the law directs.

It appears that there were two sales—one in September,
1874, the other in November, 1876. At the first, at which
several lots were sold, the two commissioners acted jointly.
At the second, at which the residue of the property was sold,
Brooks acted alone, and to him alone the whole purchase-

money for all the property sold at both sales was paid by the purchasers, although no bond had been executed by either of the commissioners. The sales were duly confirmed. It also appears that all the money received by Brooks, after paying certain costs, was paid over by him to the guardian, except the sum of $70.26, for which he never accounted. He afterwards died insolvent.

The money thus received by the guardian was, without the previous sanction of the court, expended by him in the maintenance of his wards, which expenditures were subsequently ratified by the court by a decree entered on the 11th day of May, 1881.

Nothing further was done in the cause until the 3d of December, 1888, when the eldest of the wards, having attained his majority, filed his petition, alleging that the payments by the purchasers were void, inasmuch as they were made to Brooks, who never executed a bond as commissioner, and that the payment of the money by Brooks to the guardian was also without authority, there being no decree authorizing such payment. It was also alleged that the expenditures by the guardian were illegal, and that the subsequent decree ratifying them was without any legal effect. And the prayer of the petition was that the purchasers named therein be summoned to show cause why they should not be required to pay into court the amount of their respective purchases, or else have the property resold.

Rules were accordingly issued, to which the purchasers appeared and severally answered, insisting that the payments to Brooks were valid, and, moreover, that all the matters sought to be put in controversy by the petition had been finally adjudicated and settled by the decree of May 11, 1881. The circuit court granted the prayer of the petition by the decree complained of, crediting each of the respondents, however, with his proportionate share of the moneys which had

been used in the payment of costs. From this decree R. S. Whitehead, one of the purchasers, applied for an appeal, which was allowed.

*M. M. Gilliam*, and *Samuel D. Davies*, for the appellant.

*B. H. Nash*, and *J. M. Gregory*, for the appellees.

Lewis, P., delivered the opinion of the court.

1. It is clear, upon well settled principles, that payment of the purchase-money to Commissioner Brooks was invalid. This court has repeatedly held that an unbonded commissioner, *qua* commissioner, has no authority to collect the purchase-money for property which he is directed to sell, and that payment to such a commissioner does not discharge the purchaser. In the present case not only did the decree of sale provide that no money under it should be collected by the commissioners, or either of them, without first giving bond, but the statute itself provided, as it does now, that "no special commissioner appointed by a court shall receive money under a decree or order until he gives bond before the said court or its clerk." Code 1873, ch. 174, sec. 1; Code 1887, sec. 3397. It was, therefore, incumbent on the purchasers, before paying the money to Brooks, to have inquired whether these requirements of the decree and of the statute had been complied with, and, inasmuch as they were not complied with, payment to him was unauthorized and invalid. *Hess* v. *Rader*, 26 Gratt., 746.; *Lloyd* v. *Erwin*, 29 *Id.*, 598; *Tyler* v. *Toms*, 75 Va., 116; *Woods* v. *Ellis*, 85 *Id.*, 471.

There is, indeed, a recent statute which protects a purchaser who makes payment to a commissioner when there has been a certificate of the clerk, published with the advertisement of sale or renting, that such commissioner has given the required bond, whether, in point of fact, he has done so or not, and

which makes the clerk and his sureties liable for a false certificate to any person injured thereby. But that statute has no bearing on the present case. Acts 1883–84, p. 213; Code, sec. 3399.

2. Nor was there any decree directing or authorizing the money to be paid over by Brooks to the guardian, and although there was a decree, *after* the money had been expended by the guardian, ratifying his expenditures, yet, so far as the *corpus* of the fund was concerned, there was no authority in the court to validate such expenditure. 'The jurisdiction of the circuit courts of the Commonwealth to authorize the application of the principal of the proceeds of infants' real estate to their maintenance and education is altogether statutory, and according to the statute, which, as this court has said, must be strictly construed, such authority must be given, if at all, *before* and not after the expenditure is made. Code 1873, ch. 123, sec. 13; Code 1887, sec. 2609; *Rinker* v. *Streit,* 33 Gratt., 663; *Gayle* v. *Hayes,* 79 Va., 542; *Cumming* v. *Simpson,* 11 Va. L. J., 462, 468.

In the present case, it is true, a petition was filed by the guardian, at the October term, 1874, asking authority to expend a portion of the principal of the fund for the maintenance and education of his wards, but no other action appears to have been taken on the petition, than merely to refer it to a commissioner for inquiry and report. At all events, there was no approval of his expenditures until after they had been made, which was too late to give validity to the expenditure of the principal.

3. It is contended, however, that the decree of May 11th, 1881, was a final decree, and is not now assailable by a simple petition for rules against the purchasers to show cause why the property should not be resold. But this is a mistaken view. That decree undoubtedly settled the principles of the cause, but did not finally dispose of it. It approved the accounts of the guardian, and directed, among other things, that certain

moneys be deposited in bank, but made no disposition of the fund, which could be withdrawn, after being deposited, only on the order of the court—thus leaving something further *in* the cause to be done by the court—and it only partially provided for the payment of costs ; that is to say, it directed how costs up to the date of the decree should be paid, leaving the matter of costs thereafter to be incurred unprovided for.   The decree was, therefore, not final but interlocutory.   *Rawlings* v. *Rawlings*, 75 Va., 76 ; *Noel* v. *Noel*, 86 Id., 109.

4. Another point made by the appellant is that the remedy against the guardian and his sureties ought to have been exhausted before proceeding against the purchasers; and *Lee* v. *Swepson*, 76 Va., 173, is relied upon in support of this position. But a sufficient answer to this is, that no such objection was made in the court below, and it is too late now to raise it for the first time in the appellate court.   Besides, the record shows that the guardian is insolvent, and it was not necessary to proceed in the first instance against his sureties (who are not before the court as parties to the suit) even if, under the circumstances, they are liable at all, as to which we express no opinion.

5. Nor was it necessary to proceed against Commissioner Attkisson; for he received no part of the fund to which the present controversy relates, and is not liable in this proceeding.

6. Lastly, there was no error in proceeding against the purchasers by rule to show cause, all of whom, except the appellant, have acquiesced in the decree appealed from.   The purchase-money having been collected by Brooks without authority, the result is the same, so far as this appeal is concerned, as if the money had been paid to a stranger, or not at all. The case differs from *Thompson* v. *Brooke*, 76 Va., 106, for in that case the commissioner was *the counsel* of the parties entitled to the money, and at their solicitation the money was collected.   Hence, it was held that the purchaser, having paid

the money into a hand legally entitled to receive it—*i. e.*, to the counsel of the parties—was not responsible, the case being analogous in principle to *Dixon* v. *McCue*, 21 Gratt., 373.

The purchasers, then, in the present case being in default they were compellable to complete their respective purchases by a rule upon each to show cause why the property should not be resold. And in such a case, when a re-sale is ordered, the former sale is not set aside, but the property is sold as the property of the purchaser. If it brings more than the debt he is entitled to the surplus; if less, he is responsible for the deficiency. *Tyler* v. *Toms*, 75 Va., 116; *Va. Fire and Marine Ins. Co.* v. *Cottrell*, 85 *Id.*, 857. So that the case is not within the statute, invoked by the appellant, which declares that the title of a purchaser at a sale made under decree six months after the date of the decree, and confirmed, shall not be affected by a subsequent reversal of the decree, although there may be a restitution of the proceeds of sale to those entitled. Code, sec. 3425. Here the object is, not to set aside the decree of sale, or the sales made under it, but to compel the purchasers by the process of the court to comply with their respective contracts.

We are of opinion that there is no error in the decree, and that the same must be affirmed.

DECREE AFFIRMED.