𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

COLEMAN V. VIRGINIA STAVE AND HEADING COMPANY AND
OTHERS.

March 9, 1911.

Absent, Cardwell, J.

1. DOWER—*Tenant in Dower—Sale of Dower Interest—Code, Sec.
   2436-a.*—While a widow has certain rights and privileges
   accorded her by section 2274 of the Code with reference to her
   husband's real estate prior to the assignment of dower, it is
   the assignment of dower which creates her a tenant of the land
   in severalty for life.　Until this is done, she is not a "tenant
   in dower," and cannot have her dower interest or any part
   thereof in her husband's real estate sold under the provisions
   of section 2436-a of the Code.
2. EQUITY JURISDICTION—*Sale of Land of Infants.*—In this State a
   court of equity has no authority under its general jurisdiction
   as guardian of infants to˙sell their real estate whenever it is
   to the advantage of the infants to do so, whether for reinvest-
   ment or for their maintenance and education.
3. INFANT'S LANDS—*Statute Authorizing Sale—Construction.*—The
   rule requiring a liberal construction to be placed upon statutes
   for the sale of lands of person under disability, in order to
   advance the remedy and support the policy of the legislature,
   has reference rather to the subjects sought to be sold in which
   such persons are interested than to the procedure by which
   such sales are effected.　It does not authorize a mode of pro-
   cedure not in substantial compliance with the statute authoriz-
   ing the sale.
4. EQUITY JURISDICTION—*Conferred by Statute—Compliance with
   Statute.*—Where a new jurisdiction is created by statute, and
   the mode of acquiring and exercising that jurisdiction by the
   court upon which it is conferred is prescribed by statute, a
   substantial compliance therewith, at least, is essential, other-
   wise the proceeding will be a nullity.

5. INFANTS—*Suit to Sell Lands—Code, Sections 2609 and 2616—Substantial Compliance with Statute—Ex Parte Affidavits.*—Upon a bill filed for the sale of infants' lands, the procedure is substantially the same whether the sale sought to be made or confirmed in the original cause is under section 2609, or section 2616 of the Code. In each case the proceedings must conform to chapter 117 of the Code, which embraces section 2616. A substantial compliance with the requirements of that chapter is necessary, otherwise the proceeding is void. A failure to aver what property the infant owned besides that sought to be sold, and to adduce any proof of the propriety of the sale, is not a substantial compliance with the provisions of that chapter, and a sale based thereon is a nullity. *Ex parte* affidavits are not admissible as evidence of the propriety of the sale in such a case.

6. INFANTS' LANDS—*Suits to Sell—Protection of Infant.*—While judicial sales should be upheld as far as possible consistent with the rights of others, and innocent purchasers are favorites of the law, infants are also favorites of the courts of chancery and their rights should be protected. They are not only incapable of conveying their real estate, but are incompetent to consent to any of the proceedings provided by law for its disposition. In a proceeding to sell their land they stand in the position of hostile parties and are treated as objecting to every step taken therein.

7. INFANTS' LANDS—*Purchaser at Sale—Rights and Duties—Regularity of Proceedings.*—While the purchaser under proceedings to sell the lands of an infant is not bound to investigate the truth of the matters stated in the bill and deposed to by the witnesses touching the estate owned by the infant, or as to the propriety or the necessity for the sale, since his title cannot be affected because the case made by the record happens not to be warranted by the facts, he is required to see to the regularity of the proceedings upon which the jurisdiction of the court is founded.

Appeal from a decree of the Circuit Court of Nottoway county. Decree for the defendants. Complainant appeals.

*Reversed.*

*George Mason* and *Charles E. Plummer,* for the appellants.

*E. P. Buford,* for the appellees.

On the 29th day of September, 1904, an agreement was entered into between the Virginia Stave and Heading Company and Mrs. S. E. Vaiden, the widow, and Mattie E. Vaiden and Mary T. Vaiden, infant children of S. E. Vaiden, deceased, respectively aged seventeen and fifteen years, of which the following is a copy:

"This contract made and entered into this twenty-ninth day of September, one thousand nine hundred and four, by and between Va. Stave & Heading Co. of Wilson, Virginia, parties of the first part, and Mrs. S. E. Vaiden, Mattie Eppes & Mary Temple Vaiden of Ford, Virginia, parties of the second part, Witnesseth: That the said parties of the first part agree to buy and the said parties of the second part agree to sell all of their standing timber except the oak on the tract known as the Ingersoll tract situated in Nottoway Co. Va. For the consideration of $2525.00 (Two thousand five hundred and twenty-five dollars) cash in hand.

"It is further agreed that this timber shall not be cut under 8 inches across the stump and the time for cutting and getting this timber off shall expire September 29th, 1909.

"In witness whereof the parties to this agreement have hereunto set their hands and seals the day and year first above written."

At the November rules following, Mrs. Vaiden, the widow of S. E. Vaiden and guardian of the said infant children, filed her bill, which was sworn to, in the Circuit Court for Nottoway county, which is in the following words:

"Humbly complaining showeth unto your honor your complainant Mrs. S. E. Vaiden, widow of S. E. Vaiden, dec'd, Gdn. of Mary T. and Mattie E. Vaiden, that S. E. Vaiden died on or about the .... day of April, 1900, seized and possessed of a certain tract of land lying and being in the County of Nottoway, Virginia, and containing about

1285 acres. The said S. E. Vaiden left some personal property but not by any means sufficient to support his family and to properly educate his daughters, who were his only two children, and only children of your complainant, namely, Mattie E. Vaiden and Mary T. Vaiden, both of whom are infants under the age of twenty-one years. These said two daughters were bright girls and desirous of such an education as would fit them to teach school or otherwise earn for themselves a living in the world, and your complainant in accordance with these commendable desires sent them to the Blackstone Female Institute where they are now attending school. To meet the expenses of this education your complainant found it necessary to dispose of some of the property of which said S. E. Vaiden, their father, died seized. Timber being at this time selling very high, and at all times being in danger of injury or destruction from fire, bugs or disease, your complainant thought this an advantageous time for the sale of the timber on the tract of land in Nottoway county, containing 1285 acres more or less and adjacent to E. S. and others, and accordingly set to work to sell same and to sell at the very best price possible. Your complainant with this in view invited a number of different lumbermen to inspect the timber and to bid on same, using the price of one to prize others higher and finally obtained from the Va. Stave and Heading Co. of Wilsons, Va., the offer of $2525.00 for the standing timber on the said tract of land. Your complainant after repeated efforts has been unable to obtain from any others so good a price, and believes that the sale at this price is an excellent one and fears that if put up at public auction would not do so well, and is very desirous of having same confirmed at this price and that a commissioner be appointed to make a good title to the Va. Stave & Heading Co. for the said lumber. A copy of the contract under which the Virginia Stave & Heading Co. are

willing to purchase being filed herewith marked 'exhibit contract,' which is in accordance with the usual timber contracts made in this section. Your complainant further represents unto your honor that S. E. Vaiden during his lifetime sold a portion of the above land, reserving the timber thereon, which must also depreciate by being pillaged and otherwise unless speedily sold. Your complainant also represents unto your honor that this timber has already been sold and cut once and this is only the leavings which are specially suited for the use of the Va. Stave & Heading Co. Your complainant also represents that S. E. Vaiden gave only $2500.00 for the land, timber and 1 80-horse P. Boiler, engine and sawmill which is less than the Va. Stave & Heading Co. gives for the timber alone. If the said infants were dead your complainant would be their heir at law.

"In tender consideration whereof and whereas your complainant is without remedy save in a court of equity where such matters are properly cognizable and relievable, they pray that Mattie E. Vaiden and Mary T. Vaiden, infants, by some fit and proper person to be appointed guardian *ad litem* be made parties defendant to this bill and required to answer the same, but answers under oath are now and hereby expressly waived, that your honor will confirm the sale to the Va. Stave and Heading Co. and that your honor will appoint a commissioner to make the title for the two infant children one of whom is   .. and the other  .... years of age, that your honor will commute the dower rights of Mrs. S. E. Vaiden, and then distribute balance to the said two children of S. E. Vaiden. And that your honor will grant to your complainant such other, further and general relief as equity shall dictate and the nature of the case require. And as in duty bound your complainant will every pray, &c.          "MRS. S. E. VAIDEN, Gdn.

"MARY T. & MATTIE E. VAIDEN,

"By Counsel."

At the December term of the court, 1904, the following decree was entered:

"This cause which has regularly matured at rules and set for hearing came on this day to be heard on the bill filed, with 'Exhibit Contract,' on the answers of Meade Haskins, guardian *ad litem* of infants Mary T. and Mattie E. Vaiden, and on the joint answer of said infants, under oath, and on the affidavits of B. E. Cobb, E. S. Hobbs, E. W. Allen, J. T. Crowe and J. E. Young, and was argued by counsel. On consideration whereof the court doth adjudge, order and decree that the sale heretofore made by Mrs. S. E. Vaiden of the standing timber on the tract of land belonging to the estate of S. E. Vaiden to the Virginia Stave and Heading Company for the sum of $2,525.00 be, and the same is hereby ratified and confirmed, and that Mrs. S. E. Vaiden, guardian, who is hereby appointed a commissioner for the purpose, do make conveyance of said timber in the proceedings mentioned to the Virginia Stave and Heading Company in accordance with the contract filed in this cause, but before said commissioner shall execute the said deed or receive any money under this decree she shall execute a bond before this court in the penalty of $2,600.00 conditioned according to law. And said commissioner shall make report of her proceedings hereunder to court."

The Virginia Stave and Heading Company paid to Mrs. Vaiden, who was appointed commissioner of the court, the said sum of $2,525.00, the purchase price of the timber, (which is still in the hands of the court), and took possession of the same and proceeded to cut and remove it in the year 1906, and were so engaged in May, 1909, when Mary T., the younger daughter of S. E. Vaiden, deceased, by her husband, I. N. Coleman, as her next friend, she being still an infant, instituted her suit against the members of the Virginia Stave and Heading Company, which

was a co-partnership, to enjoin the further cutting of the timber, and to review and set aside the proceedings had in the suit in which the sale of the timber was confirmed, and in lieu of that decree to have a special commissioner appointed to ascertain the value of her one-half interest in the timber cut and removed by the Virginia Stave and Heading Company, and to compel the members of that firm to account to her for the same; and that she be decreed her one-half interest in the timber, lumber or manufactured products remaining on the land in kind; and for general relief.

The grounds relied on in the bill of complainant (who is appellant here) to have the proceedings in the suit to confirm the sale of the timber reviewed and set aside, are the following, which it is alleged are apparent upon the face of the record:

"(a) All the estate, real and personal, belonging to your complainant was not set out or described in the bill of complaint, and it was not alleged in said bill that the estate mentioned or described therein was all the estate belonging to your complainant.

"(b) No evidence was introduced to prove, independently of any admission in the answers, that the interests of your complainant would be promoted by a confirmation of the sale of said timber, and that the rights of no person would be violated thereby.

"(c) The answer of the infant defendants by Meade Haskins, their guardian *ad litem*, was not made under oath, and no answer was filed by said guardian *ad litem* in his own proper person.

"(d) No evidence was introduced to prove that the proper maintenance and education, or other interests of your complainant, required that the proceeds of her real estate, beyond the annual income therefrom, be applied to her use.

"(e) The said suit was instituted for the purpose of selling real estate acquired by the infant defendants by descent from their father, S. E. Vaiden; and the heirs of said infant defendants, if dead, would have been the next of kin to said S. E. Vaiden, and not the mother of said infant defendants, as alleged in the bill of complaint filed in said suit. Said S. E. Vaiden left surviving him numerous persons, in addition to said infant defendants, who were his next of kin and who were in being at the time said suit was instituted. Such persons were not made parties to said suit and the court which entered the decree confirming the sale of said timber had never acquired jurisdiction of such persons."

The members of the firm of the Virginia Stave and Heading Company demurred to and answered the bill of review, depositions were taken, and upon a hearing of the cause the circuit court was of opinion that the decree complained of was not void, but voidable only, and that the complainant had failed to show that she was prejudiced thereby; dissolved the injunction restraining the Virginia Stave and Heading Company from cutting and removing the timber; and dismissed the bill of review at the complainant's costs. From that decree this appeal was granted.

BUCHANAN, J., (after making the foregoing statement of the case) delivered the opinion of the court.

The first assignment of error is that the circuit court erred in holding that the decree confirming the sale of the timber was voidable only and not void.

It is conceded by the counsel of the appellees that the proceedings in the original cause were not regular, and that several errors appear upon the face of the record; but it is insisted that these were errors in the practice and procedure, which did not affect the jurisdiction of the court;

that if they were errors prejudicial to the appellant, they would render the decree reversible, but not void for want of jurisdiction. .

Before considering the question whether or not the court acquired jurisdiction under either section 2609 or section 2616 to make sale of the timber of the infants, it may be best to dispose of the contention of the appellees, that the bill in the original suit was filed by Mrs. Vaiden both as widow of S. E. Vaiden and as guardian of his infant children, and that under section 2436-a of the Code she had the right to file the bill to have the timber sold, her dower rights in the proceeds thereof commuted and the residue distributed among the heirs at law.

While the pleader does not seem to have framed that bill with reference to, or at least in accordance with, the provisions of any particular statute, it is clear, we think, that the primary object of the bill was not to have the timber sold in order that the widow might have her dower rights commuted. But if that had been its purpose, section 2436-a of the Code did not give her the right to bring such a suit. That section authorizes the sale, in the manner therein provided, of real estate, "when held by a party as tenant by the curtesy or in dower," whether the remainder therein be vested or contingent or the remaindermen be infants or adults. The bill shows upon its face that neither the timber nor the land upon which it was standing had been assigned to Mrs. Vaiden as dower. Until dower has been assigned to the widow in her husband's real estate, she does not hold any part of it as "tenant in dower." She has the right to hold, occupy and enjoy the mansion house and curtilage without charge for rent, repairs, taxes or insurance; and in the meantime is entitled to demand of the heirs, devisees or alienees, or any of them, one-third part of the issues and profits of the other real estate which descended, was devised or passed to them, of which she is dowable, after

deducting the costs of necessary repairs, taxes and insurance. Code, sec. 2274. But it is the assignment of dower which creates her a tenant of the land in severalty for life. 1 Minor on Real Property, secs. 334, 335 and 337, and authorities cited. Until that is done she is not a "tenant in dower," and cannot have her dower interest or any part thereof in her husband's real estate sold under the provisions of section 2436-a.

If the proceedings by which the sale of the timber was made or confirmed can be sustained, it must be done under the provisions of sections 2609 or 2616 of the Code.

In this State a court of equity has no authority under its general·jurisdiction as guardian of infants to sell their real estate whenever it is to the advantage of the infants to do so, whether for reinvestment or for their maintenance and education. See *Faulkner* v. *Davis,* 18 Gratt. 651, 98 Am. Dec. 698; *Rhea* v. *Shields,* 103 Va. 305, 49 S. E. 70; *Rinker, &c.,* v. *Streit,* 33 Gratt. 663; *Gayle* v. *Hayes,* 79 Va. 542; *Whitehead* v. *Bradley,* 87 Va. 676, 680, 13 S. E. 195.

By section 2609 of the Code it is provided: " . . . when it shall be made to appear to the satisfaction of a circuit or corporation court, in chancery, on a bill filed for the purpose by the guardian, that the proper maintenance and education, or other interests of an infant, require that the proceeds of his real estate, beyond the annual income thereof, should be applied to the use of said infant, it shall be lawful for the court to order the sale of his real estate, or such part thereof as may be necessary for the purpose, and, from time to time, make such decrees and orders as may be proper to secure the due application of the proceeds; and to the extent that the proceeds may be so applied they shall be deemed personal estate, but no further. Every bill filed under this section and the proceedings thereon shall conform to the provisions of chapter one hundred and

seventeen, so far as those provisions relate to the sale of the real estate of an infant.".

Section 2616 of the Code, among other things, provides, that, "If the guardian of any minor . . . think that the interests of the ward . . . will be promoted by the sale of his estate, or estate in which he is interested with others, infants or adults, . . . or if the same be real estate and such guardian . . . think the interest of such ward will be promoted by the sale of the timber, coal, oil, gas and minerals thereof or of any or either of them . . . such guardian . . . may for the purpose of obtaining such sale . . . file a bill in equity in the circuit court of the county or the circuit court or corporation court of a city in which the estate proposed to be sold . . . or some part thereof may be, stating plainly all the estate real and personal belonging to such infant . . . and all the facts calculated to show the propriety of the sale . . ."

When suit is brought under the provisions of section 2609 by the guardian for the sale of his ward's estate, or a part thereof, for his maintenance and education, that section expressly provides that every bill filed under that section and the proceedings thereon shall conform to chapter 117, so far as those provisions relate to the sale of the real estate of an infant. As section 2616 of the Code is found in chapter 117, the procedure is substantially the same, whether the sale sought to be made or confirmed in the original case was under section 2609 or section 2616. In either case the bill is required (1) to state "plainly all the estate real and personal belonging to the infant," and (2) all the facts calculated to show the propriety of the sale. Sec. 2616. (3) It must be verified by the oath of the plaintiff. (4) The infant and those who would be his heirs were he dead, and all others interested, must be made parties defendant to the bill. Sec. 2616. (5) To every infant defendant there shall be appointed a guardian *ad*

*litem,* who as well as the infant (if over fourteen years of age) must answer the bill on oath in proper person (except under certain circumstances which have no application to this case). Sec. 2618. (6) No deposition can be read in the suit unless it be taken in the presence of the guardian *ad litem* or upon interrogatories agreed on by him. Sec. 2619. (7) Before the court can order a sale it must be clearly shown, independently of any admission in the answers, that the interests of the infant will be promoted thereby, and the court must be of opinion that the rights of no person will be violated by the sale. Sec. 2620.

These are some of the provisions by which the law-making power, in giving courts of equity jurisdiction to sell the real estate of infants, has sought to guard the power given from abuse, and to protect the interest of those who are unable to act for themselves.

It is insisted that, as the statutes authorizing the sale of lands of persons under disability are highly remedial, it is the rule of decision to give them a liberal construction so as to advance the remedy and support the policy of the legislature. *Faulkner* v. *Davis,* 18 Gratt. 651, 669-70, 98 Am. Dec. 698; *Vaughan* v. *Jones,* 23 Gratt. 444, 486; *Rhea* v. *Shields,* 103 Va. 305, 309, 49 S. E. 70.

What was said in those cases had reference rather to the subjects sought to be sold in which infants were interested than to the procedure by which the sales were effected. While this court has frequently held that mere formal defects in the frame of the bill (as in *Cooper* v. *Hepburn,* 15 Gratt. 551) or in the answer of the guardian *ad litem,* or as to the time when the bill is verified by the oath of the complainant (as in the case of *Durrett* v. *Davis,* 24 Gratt. 302, 310-12) do not vitiate the proceedings, it has never held, so far as we know, that the mode of procedure provided by statute in such cases must not be substantially complied with.

In the case of *Durrett* v. *Davis, supra,* pp. 316-17, Judge Staples in delivering the opinion of the court, after holding that mere formal defects would not affect the validity of the sale, said: "In considering them (the formal defects) this court has not been unmindful of the importance of a faithful observance of the various statutes enacted for the benefit of the infant and for the protection of the inheritance. The power to sell the estate of those who have no capacity to be heard is a very grave one, and only to be exercised with great caution. Still it is an indispensable power, and is vested in some tribunal in every well regulated State. Sound policy requires that judicial sales shall not be brought into disrepute by the practice of vacating decrees for slight and minute defects in the preparation of causes when the true meaning and spirit of the law has been observed. If the court clearly perceives that the sale when made was an advantageous one, it ought not to regard mere technical informalities which do not substantially affect the validity of the proceedings or the rights or interests of the infant."

The original bill in this case wholly fails "to state plainly," or to state at all, the estate real and personal belonging to the infant defendants, as required by the statute (sec. 2616). At the time the bill was filed they owned, subject to the dower rights of their mother, six or seven parcels of land (other than the tract named in the bill) aggregating over 1,100 acres, and assessed for taxation at $6,283.50, and as the uncontradicted evidence tends to show, worth from $10,000 to $12,000, and of the annual rental value of $750 or over. They also owned (and there was deposited in bank) their distributive share in their father's personal estate, which amounted to about $4,500 after the payment of his debts. The bill makes no reference whatever to the said real estate, and the only averments in it as to the property of the infants other than the land upon which

the timber stood are, that their father left some personal property, but not by any means sufficient to support his family and properly to educate his daughters, and to meet their education "your complainant found it necessary to dispose of some of the property of which said S. E. Vaiden, their father, died seized."

The averments of the bill as to the property then owned by the infants is not only not a substantial compliance with the requirement of the statute, but is not even an attempt to comply with it. Not only was there no averment in the bill as to the property then belonging to the infants, but there was no evidence introduced on that subject. No depositions were taken in the case, and the only thing before the court in the way of evidence were *ex parte* affidavits of five lumbermen, who stated in substance that the price agreed to be paid by the appellees for the timber was more than it would bring at public sale.

These affidavits were not admissible as evidence, for section 2619 of the Code declares, that not even a deposition shall be read in the suit against the infant, unless it be taken in the presence of the guardian *ad litem* or upon interrogatories agreed on by him. *Smith* v. *White,* 107 Va. 616, 49 S. E. 480.

There was nothing in the case, independently of the admissions in the answers (sec. 2620 of the Code) to show that the interests of the infants would be promoted by a sale of the timber, or that a sale thereof was necessary for their proper maintenance and education, or was otherwise for their interest.

Without considering the other objections to the proceeding relied on in the petition for appeal, the question we are called upon to decide is whether or not a sale made in a proceeding, under sections 2609 or 2616 of the Code for the sale of real estate of infants, is void or voidable merely, in which the bill not only fails to state but does

not even attempt to state what property was then owned by the infants, in which that fact does not in any way appear, and in which there is no evidence tending to show that the sale sought to be made would promote the interest of the infants, or that it was necessary for their maintenance and education.

It seems to be settled law, that where a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceeding will be a nullity.    See note to *Crepps* v. *Durden*, 1 Smith's Lead. Cas. (5th Am. ed.), pp. 832-3, and cases cited; *Pulaski Co.* v. *Stuart, Buchanan & Co.*, 28 Gratt. 872, and cases cited; Brown on Jurisdiction, sec. 3-a.

In *Williamson* v. *Berry*, 8 How. 495, 12 L. Ed. 1170, it was held that as the general jurisdiction of a court of chancery did not extend to decreeing a sale of real estate of an infant, such a decree would be *invalid* when made under an authority given by a special enactment, unless the authority given by the act was pursued.

In *re Valentine*, 72 N. Y. 186, which was a proceeding under the statute for the sale of the real estate of a lunatic, Judge Church said: "The petition in this case was proper and gave the court jurisdiction to proceed and determine the subject matter involved, but it conferred jurisdiction to proceed, not according to the discretion of the court, but in accordance with the statute.    The statute provides that on the presenting of such petition it shall be referred.    In this case no reference was made, and there was no hearing of the parties interested and no report.    We think that this requirement is substantial and cannot be dispensed with, and that its omission constitutes a fatal defect in the proceedings."

In *Battell* v. *Torrey*, 65 N. Y. 296, in a proceeding under

the statute of the State of New York to sell or mortgage the real estate of an infant, which resulted in a mortgage, it was held that the mortgage executed was void because the provisions of the statute were not complied with.   See also *Roche* v. *Vesters,* 72 Md. 264, 19 Atl. 535, 7 L. R. A. 533; *Ellwood* v. *Northrop* (N. Y.), 12 N. E. 590; 11 Cyc. 670, 682; Hawes on Jurisdiction of Courts, sec. 38; Brown on Jurisdiction, sec. 3-a, and cases cited in notes to that section.

To hold that the proceedings in the original case were valid would be to disregard the plain requirements of the statute—requirements indispensable to a proper exercise of the power conferred upon the court.   In the absence of any information as to the property belonging to the infants, and of any evidence tending to show that a sale would promote their interests or was necessary for their maintenance and education, there was nothing in the case which authorized the court to decree a sale.

It clearly appears upon the face of the record that the facts authorizing the court to decree a sale were not only not shown, but that there was no evidence tending to establish such facts.

In reaching the conclusion that the proceedings in the original suit were invalid, we have not been unmindful of the fact that sound policy requires that judicial sales should be sustained as far as possible consistent with the rights of others, and that innocent purchasers are favorites of the law.   But infants are also the favorites of courts of chancery.   They are not only incapable of conveying their real estate, but are incompetent to consent to any of the proceedings provided by law for its disposition.   In such a proceeding as the one involved in this case, they stand in the position of hostile parties to it and are treated as objecting to every step taken therein.   *Ellwood* v. *Northrop, supra,* 590, 593.   While the purchaser at such a sale

is not bound to investigate the truth of the matters stated in the bill and deposed to by the witnesses touching the estate owned by the infants, or as to the propriety or the necessity of the sale, since his title cannot be affected because the case made by the record happens not to be warranted by the facts (*Durrett v. Davis*, 24 Gratt. 302, 308), yet he is required to see to the regularity of the proceedings upon which the jurisdiction of the court is founded (S. C.) ; for he is presumed to know that the infant until six months after his maturity has the right to show cause against the decree of sale, for errors upon the face of the record, or to show that the court had no jurisdiction to enter the decree, or, if it had jurisdiction, that the proceedings were irregular and not binding upon the parties, or that the case made by the record did not warrant the decree. *Walker* v. *Page*, 21 Gratt. 636, 645; *Durrett* v. *Davis, supra*.

It follows from what has been said that the court is of opinion that the decree appealed from must be reversed and set aside, and that the decree in the original suit confirming the sale made to the appellees, the Virginia Stave and Heading Company, should be set aside and annulled. But since the appellees have cut and removed the greater part of the timber attempted to be sold, so that that portion of the timber cannot be restored to the infants, it will be necessary to ascertain the value of the timber belonging to the infants so cut and removed by the appellees, as of the date of cutting and removing, and to charge them with the same and credit them with the purchase money paid by them, or so much thereof as may be necessary to satisfy the amount ascertained to be so due from them for the timber so cut and removed; and if it does not require all of the said purchase money to satisfy the amount so due from the appellees, to direct the residue thereof to be paid them; and if said purchase money be not sufficient to pay

the said amount, to render a personal decree against the appellees for the balance due from them.

The decree appealed from will be reversed, and this court will enter such decree as the circuit court ought to have entered, reversing and setting aside the decree confirming the sale of the timber made in the original cause, and remand the cause to the circuit court for further proceedings to be had in accordance with the views expressed in this opinion.

*Reversed.*