### Richmond.

### BRENHAM AND OTHERS V. SMITH AND OTHERS.

#### November 16, 1916.

1. INFANTS' LANDS—*Suit for Sale—Failure to Comply with Statute —Void Decree.*—In a suit for the sale of infants' lands under chapter 117 of the Code, where it appears that the bill was not verified and no answer was filed by the guardian *ad litem* in proper person of the infants, nor by the infants over the age of fourteen years, and there were other vital defects in the proceedings, the court was without jurisdiction to decree a sale of such lands, and such decree, the sale, and all proceedings thereunder are utterly void and without effect, and may be assailed directly or collaterally. Substantial compliance with the statute is essential to the validity of the proceedings.

2. JUDICIAL SALES—*Sales After Six Months from Date of Decree— Void Decrees—Code, Section 3425.*—The provision of section 3425 of the Code that the title of a purchaser at a judicial sale shall not be affected by the reversal of the decree under which the sale was made, if it was made under a decree, after six months from the date thereof and the sale was confirmed, has no application to a void decree. The statute cannot be held to infuse life into decrees which were void at the date of their rendition.

Appeal from a decree of the Circuit Court of Buchanan county. Decree for the defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Chase & Daugherty,* for the appellants.

*Flannagan & Boyd,* for the appellee.

KELLY, J., delivered the opinion of the court.

This was a suit in equity brought by the guardian of certain infants to obtain a decree for the sale of lands belong-

ing to his wards. The bill alleged that one W. P. McGlothlin owned land completely surrounding that which was the subject of the suit, and had made an offer thereon which was probably more than any one else would pay. The court ordered a sale and directed a special commissioner to make the same either publicly or privately, as he might deem most advantageous, and at a price not less than the offer made by McGlothlin. After more than six months had elapsed from the date of the decree authorizing the sale, the commissioner sold the land to McGlothlin at the price he had offered and the sale was confirmed.

Subsequently, after one of the children had died intestate, the survivors filed a bill of review asking to have the sale set aside on the ground, among others, that the proceedings under which the decree was rendered were fatally defective and that, therefore, the court was without jurisdiction and its decree and the sale thereunder null and void.

Upon a hearing the circuit court entered a decree to the following effect: "It appearing to the court that the statutes governing the sale of infants' lands were substantially complied with, and that the sale of land in said suit was made six months after the decree authorizing and directing sale, and that said sale was afterwards duly confirmed, the court is of opinion that the title to said land can not now be affected." The bill of review was accordingly dismissed at the cost of the complainants, and thereupon this appeal was obtained.

It will be observed that the circuit court was of opinion that there had been a substantial compliance with the requirements of the statutes authorizing the sale of infants' lands, and *for that reason* was further of opinion that the title of the purchaser was protected by the statute (Sec. 3425 of the Code) which provides that, "if a sale of property be made under a decree or order of a court after six months from the date thereof, and such sale be confirmed,

though such decree or order be afterwards reversed or set aside, the title of the purchaser· at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled."

If the state of the record had been such as to warrant the circuit court in holding that there had been a substantial compliance with the statutes covering sales of infants' lands (Chap. 117 of the Code), then we·would have no difficulty in affirming its decree. We think, however, that the court's premise was wrong, and that the proceedings were fatally defective. The original bill was not verified at all, there was no answer by the guardian *ad litem* in proper person, the record did not satisfactorily show that there was any answer in proper person by the infant defendants who were over fourteen years of age, and there were other vital defects in the proceeding. We·do not understand it to be seriously contended in this court that there was a substantial compliance with the statute, and whether so contended or not we are clearly of opinion that there was no such compliance. In other words, the case does not belong in the class of cases to which the court assigned it, and in which there were formal and unsubstantial defects and errors; but it belongs to that other and equally well recognized class in which mandatory requirements of the statute have been ignored, the jurisdiction of the court thereby defeated,. and the proceedings rendered null and void for all purposes. To be more specific, the case comes clearly and squarely within the influence of the opinion delivered for this court by Judge Buchanan in *Coleman* v. *Va. Stave Company,* 112 Va. 61, 70 S. E. 545, in which he uses the following peculiarly pertinent language:

"In this State a court of equity has no authority under its general jurisdiction as guardian of infants to sell their real estate whenever it is to the advantage of the infants to do so, whether for reinvestment or for their mainte-

nance and education.  See *Faulkner* v. *Davis*, 18 Grat. (59 Va.) 551, 98 Am. Dec. 698; *Rhea* v. *Shields*, 103 Va. 305, 49 S. E. 70; *Rinker, &c.* v. *Streit*, 33 Gratt. (74 Va.) 663; *Gayle* legislature, *Faulkner* v. *Davis*, 18 Gratt. (59 Va.) 651, 669-680, 13 S. E. 195. * * *

"It is insisted that, as the statutes authorizing the sale of lands of persons under disability are highly remedial, it is the rule of decision to give them a liberal construction so as to advance the remedy and support the policy of the legislature. *Faulkner* v. *Davis*, 18 Gratt. (59 Va.) 651, 669-70, 98 Am. Dec. 698; *Vaughn* v. *Jones*, 23 Gratt. (64 Va.) 444, 486; *Rhea* v. *Shields*, 103 Va. 305, 309, 49 S. E. 70.

"What was said in those cases had reference rather to the subjects sought to be sold in which infants were interested than to the procedure by which the sales were effected. While this court has frequently held that mere formal defects in the frame of the bill (as in *Cooper* v. *Hepburn*, 15 Gratt. (56 Va.) 551), or in the answer of the guardian *ad litem*, or as to the time when the bill is verified by the oath of the complainant (as in the case of *Durrett* v. *Davis*, 24 Gratt. (65 Va.) 302, 310-12), do not vitiate the proceedings, it has never held, so far as we know, that the mode of procedure provided by statute in such cases must not be substantially complied with. * * *

"It seems to be settled law, that when a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceeding will be a nullity.  See note to *Crepps* v. *Durden*, 1 Smith's *Lead. Cases* (5th Am. Ed.) pp. 832-3, and cases cited; *Pulaski Co.* v. *Stuart Buchanan Co.*, 28 Gratt. (69 Va.) 872, and cases cited; Brown on Jurisdiction, sec. 3-a."

The foregoing discussion by Judge Buchanan, and the authorities cited therein, to which many more of like tenor

and effect might be added, are conclusive of the proposition that the Circuit Court of Russell county was without jurisdiction to render the decree assailed herein, and that the same was null and void.

The question, therefore, for this court to decide is whether section 3425 can be successfully invoked by a purchaser who has bought land under a void decree. There would seem to be but one answer to the question, and that answer in the negative. It is quite true, as the appellee contends, that the question did not arise in *Coleman* v. *Virginia Stave Co., supra,* but a consideration of that case will, as we think, leave no room to doubt that, if the question had arisen therein, the section would have been held inapplicable. The opinion in that case, which is so manifestly and convincingly right and so abundantly supported by authority, is, as we conceive, conclusive of the question in hand. The result in that case cannot be reconciled with the contention that section 3425 is available to the purchaser in the instant case. Both in the case cited and in the present one, the trial courts were without jurisdiction, the decrees were still-born, and the sales thereunder necessarily void. By no refinement of reasoning or interpretation can the section in question be held to infuse life into decrees which are void at the date of their rendition. The lower court, as is manifest from the wording of its decree, had no such idea.

Jurisdiction to hear and determine the cause must exist before any decree or judgment therein can have any vitality whatever. The decree which was held void in *Coleman* v. *Virginia Stave Co.* was as worthless *ab initio* and *in toto* for want of proper procedure as a judgment by one adult against another in the absence of process against the defendant. There can be no substantial distinction between a void judgment rendered in a cause belonging to the general equity powers of the court and one rendered in a cause

belonging to its special powers under a statute creating new jurisdiction. In every case there must not only be jurisdiction of the person and the subject matter, but the person and the subject matter must be brought before the court in a manner authorized by law; otherwise the judgment or decree is void and not merely erroneous or voidable, and may be set at naught either by a direct proceeding in the cause in which it was rendered or by a collateral attack. These propositions are elementary and fundamental and are recognized as law everywhere. If it is permissible to cite authority for principles so long and well settled, see *Anthony* v. *Kasey*, 83 Va. 338, 340, 5 S. E. 176, 5 Am. St. Rep. 277; *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603-5-6-, 102 Am. St. Rep. 959; Freeman on Judgments, sec. 117; Black on Judgments (2nd ed.), sec. 218; and the multitude of cases cited in 8 Va. & W. Va. Digest, page 549; *Id.* vol. 16, page 7660.

We do not find anything in the history or in the phraseology of section 3425 to conflict with the views above expressed. Section 3425 appeared among the statutes of the State for the first time as section 8 of Chap. 51 of the Code of 1849. The revisors of the Code of 1849 recommended the adoption of this statute and made the following note in connection therewith:

"Under the decision of the court of appeals in *Cocke* v. *Gilpin*, 1 Rob. (40 Va.) 20, every decree for sale is *interlocutory*, and the title of a purchaser, twenty years or more after his purchase and the payment of all his purchase money, may be overthrown by subsequent proceedings in a suit in which he is not a party, and of which he knows nothing; and where there are infants in the case, his title may be impeached, even after a greater length of time, under circumstances equally unjust and oppressive. We think this evil ought to be guarded against. If it be deemed proper, it may be required that when the lands of infants are sold

the court shall require bonds to refund, in case the decree of sale should be reversed or set aside on rehearing or review."

This note of the revisors is not, as we apprehend, of any very great significance in the present inquiry. If we were dealing with a case of mere formal defects, even though sufficient to warrant a reversal of the decree of sale but not going to the jurisdiction of the court, then the note would make even plainer the already plain purpose of the act to protect purchasers whose titles are acquired under erroneous and voidable decrees. All such purchasers, whether under general or special proceedings, are within the reason and within the legitimate scope of the act. But the case in hand belongs, as we have seen, to a wholly different class; and certainly there is nothing in the recommendation of the Revisors to sustain the contention of the appellee here. Their recommendation was called forth by reason of the hardship on the purchaser resulting from the decision in *Coke* v. *Gilpin*, 1 Rob. (40 Va.) 20. The purchaser's title in that case depended upon a voidable and not a void decree, and the suit was not one involving the sale of infants' lands under the statutes then in existence and now found in chapter 117 of the Code, but was a case belonging to the general jurisdiction of equity in which some of the defendants happened to be infants. Such cases are not unusual. It very frequently happens, for example, that infants are defendants in a suit to sell land for debts. As to all such cases, the suggestion of the revisors, made for the protection of infants, that "if it be deemed proper, it may be required that when the lands of infants are sold the court shall require bonds to refund, in case the decree of sale should be reversed or set aside upon rehearing or review," would be natural and germane. No such provision would have been appropriate, however, so far as infant parties are concerned, with reference to sales under the

special statutes then and now in force, because these sta-
tutes have always provided for carefully safeguarding and
reinvesting the proceeds for the benefit of the infant.  So,
it is manifest, that in so far as section 3425 is applicable
to sales under chapter 117 of the Code, it is so applicable,
not because the draftsman of the statute had such sales es-
pecially in mind, but because some such sales may fall
within its reason and terms.  It seems to us reasonably
clear from the language used in the note of the revisors,
and from the wording of the statute itself, that, as origi-
nally conceived and as finally phrased, it had in contem-
plation merely such decrees of sale as might be reversed
or set aside *for error* on rehearing or review, and did not
have in contemplation sales made under void decrees, which,
whether the defendant was an infant or an adult, might
be absolutely ignored and attacked collaterally without any
direct proceeding on the part of the defendant to have
them annulled or set aside otherwise.

To be sure, the statutes for the sale of infants' lands and
section 3425 are to be liberally construed, to the end that
the mischief aimed at may be suppressed; but we must not
press this rule of construction to the unreasonable extent
of creating an evil worse than the mischief sought to be
averted.  So far as the statutes for the sale of infants'
lands are concerned, it will not be questioned that the pri-
mary and controlling consideration underlying their enact-
ment was the welfare of the infants whose lands are to be
sold; and in construing section 3425 we may not fairly im-
pute to the legislature any purpose to ignore or contravene
that consideration.  Quoting again from *Coleman* v. *Stave
Co., supra:* "We have not been unmindful of the fact that
sound policy requires that judicial sales should be sustained
as far as possible consistent with the rights of others, and
that innocent purchasers are favorites of the law, but in-
fants are also favorites of courts of chancery; they are not

only incapable of conveying their real estate but are incompetent to consent to any of the proceedings provided by law for its disposition. In such a proceeding as the one involved in this case, they stand in the position of hostile parties to it, and are treated as objecting to every step taken therein."

The mandatory requirements of the statute providing for the sale of infants' lands were all manifestly thought by the legislature to be essential to the protection of infants; they have been scrupulously and sacredly observed and enforced by the courts; and it is, as we have seen, settled law in Virginia that a substantial compliance with them is just as indispensable as process is against an adult in an ordinary suit. Indeed, the procedure in such cases is process itself. To hold that a decree rendered in disregard of these requirements of the statute, and, therefore, clearly void, can be given life and force by merely waiting until enough time has elapsed to allow section 3425 to operate upon it, is simply to convert a statute intended to protect infants into an instrument fraught with the gravest danger to them. For example, in the instant case, one of the grounds of attack on the sale is that it was fraudulently procured. We do not think that the evidence sustains this charge, but that very fact illustrates the danger to which we have adverted. Fraud is often difficult to prove, even when all parties are *sui juris*, and if the safeguards of the statute may be utterly disregarded and the effect of such disregard cured by section 3425, then indeed has the way been made easy whereby an infant may be defrauded of his inheritance.

If it be suggested that the legislature is a law unto itself in regard to the special jurisdiction created by it, and has the power to do directly what the appellee claims it has indirectly done in section 3425, an entirely sufficient answer is that when the legislature is ready to say that the provis-

ions of chapter 117 of the Code are not to be accorded the vital importance established for them by the overwhelming weight of authority, that body may be depended upon to say so in terms much more direct and unmistakable than any which can now be worked out of the provisions of section 3425 of the Code. As the law now stands in Virginia, an affirmance of the decree appealed from would as clearly be a taking of property without due process of law as the enforcement of a judgment in ejectment rendered without process on, or appearance by, the defendant.

The Virginia decisions relied upon by counsel for appellee cannot be accorded the effect claimed for them. These cases are *Cooper* v. *Hepburn,* 15 Gratt. (56 Va.) 551, *Dixon* v. *McCue,* 21 Gratt. (62 Va.) 373, and *Lancaster* v. *Barton,* 92 Va. 615, 24 S. E. 251. In the first of these, *Cooper* v. *Hepburn,* the purchaser was seeking relief which was denied him, the court expressly holding, among other things, that there had been a sufficient compliance with the statutory requirements for the sale to give jurisdiction for the decree assailed by him. The opinion, by Judge Daniel, shows that he regarded the decree as being, at most, merely erroneous and voidable, but not void. The opinion was rested upon other grounds, the reference to section 3425 was not necessary to the decision and would not be binding authority here if the two cases were alike, and, finally, the two cases are not alike, for the plain reason that in *Cooper* v. *Hepburn* there had been a substantial compliance with the statute. This clear and vital distinction between that case and cases like the one at bar is shown by Judge Buchanan's reference to and classification of it in the quotation we have already made from *Coleman* v. *Virginia Stave Company.*

The case of *Dixon* v. *McCue* was one falling within the general jurisdiction of the court, was not influenced or affected by the special statutes relating to the sale of infants'

lands, and the decree under which the sale was made, if erroneous at all, was merely voidable and not void.

In the case of *Lancaster* v. *Barton,* this court held, in so far as the decree of sale was attacked on the ground of defects in the procedure, that there had been a substantial compliance with the statute. The opinion in that case did not intimate that section 3425 would have given life to the decree if there had been such defects in the procedure as would have rendered it void at the time of its pronouncement. Having in mind what the court regarded as merely formal defects, insufficient to defeat the jurisdiction, it went still further and held that the irregularities complained of were not sufficient even to constitute reversible error, and then added that if the objections raised by the appellants had been well founded, "they cannot operate to the prejudice of the purchasers, inasmuch as the sale was made more than six months after the date of the decree of sale, and was duly confirmed. The rights of the parties are now fixed and the purchasers are fully protected by section 3425 of the Code." In other words, the most the court could have done would have been, not to declare the decree and sale null and void, but merely erroneous and voidable, and if it did that the result was the same as an affirmance because section 3425 would protect the purchaser and a reversal of the decree could give the infants no other relief than "a restitution of the proceeds," which, of course, they already had reinvested under the orders of the court. It would, therefore, have been useless for the court to reverse the decree, even if it had found, as it did not, reversible error. The case would have been very different if the court had thought that there had been a substantial non-compliance with the statute, for then it would have held that the decree was null and void, and would have restored the land, as we shall do in the instant case, to the infants from whom it was taken without due process of law. *Lancaster* v. *Barton*

is not in conflict with the conclusion we have reached, as is further shown by the fact that not one of the cases cited to support the opinion related to a void decree.

It cannot be, we think, successfully contended that the three cases which we have thus reviewed have established any rule of property in support of the appellees' contention. A purchaser would be taking a long chance to rely upon these cases as settling his right to invoke the provisions of section 3425 in defense of a title procured by him under a decree of sale which, when rendered, was void for want of jurisdiction.

The conclusion which we have reached upon this point renders it unnecessary to consider the other assignments of error.

The decree must be reversed, and this court will proceed to enter such decree as the lower court should have entered.

*Reversed.*