# Richmond

FREDERICK COLBERT, ET AL. v. ANGUS PRIESTER.

March 4, 1974.

Record No. 730306.

Present, l'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Christopher K. Speed* (*Thomas P. Mains, Jr.*, on brief), for appellants.

*Edwin C. Brown, Sr.* (*Bobby B. Stafford*, on brief), for appellee.

HARRISON, J., delivered the opinion of the court.

In 1964 Beulah Priester died intestate, seized of her residence property on Princess Street in Alexandria. She was survived by her husband, Angus Priester, and two children by a former marriage, Frederick and Delores Colbert. The survivors shared this residence for seven years following Mrs. Priester's death. During that time Angus Priester paid the taxes on the property and installed aluminum windows in the dwelling. In addition, he paid to Peoples Savings and Loan Association the sum of $2,949.01, the balance due on a $4,800 note executed by Beulah and Angus Priester in 1956 and secured by a deed of trust on the property. The proceeds of the note were used to purchase and install a new central heating system in the house.

Priester remarried in 1971 and moved out of the residence. He then brought suit to have his curtesy assigned and to be reimbursed for taxes paid and other expenses incurred in maintaining the prop-

erty. The trial court decreed that he was entitled to be reimbursed the amounts paid on account of taxes, for installation of the windows and in satisfaction of the deed of trust debt. The Colberts assign error to the action of the court in holding that Priester should be reimbursed the amount of the deed of trust debt.

Our decision here is controlled by Virginia Code § 64.1-33 and *Simmons* v. *Lyles, Adm'r & als.*, 73 Va. (32 Gratt.) 752 (1880).

Code § 64.1-33 provides, in part, that "[u]ntil dower or curtesy is assigned, the surviving spouse may hold, occupy and enjoy the mansion house and curtilage without charge for rent, repairs, taxes or insurance. . . ." Under this section the surviving spouse has no vested estate in the mansion house, but only a right to hold and occupy until dower or curtesy is assigned—a permissive possession that can be terminated whenever the heir or person holding the fee elects to assign dower or curtesy. *See also Harrington* v. *Woodfin*, 193 Va. 320, 68 S. E. 2d 882 (1952); *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 70 S. E. 545 (1911); *Hannon and Als.* v. *Hounihan and Als.*, 85 Va. 429, 12 S. E. 157 (1888).

The facts in *Simmons* v. *Lyles, Adm'r & als., supra*, singularly parallel the facts in the instant case. There a surviving spouse, pending assignment to her of dower in property, paid the taxes thereon, made improvements and paid off the balance due on the purchase price for the property. This court, in allowing the widow to recover the amount she had paid to discharge the vendor's lien, said:

"This brings us to the question of the appellant's right of substitution to the lien of James Jamieson, the vendor of the property for the balance of the purchase money, which was paid by the appellant. There is no doubt of the appellant's right to be substituted to this lien, a right which appertains to her as occupant of the property under the statute, and also by virtue of her title to one-third of the premises upon the assignment of dower. The commissioner reported in favor of her claim, and the circuit court rightly sustained the report." 73 Va. (32 Gratt.) at 764.

In the case under review, the property of Beulah Priester descended to her two children, subject to the curtesy interest therein of her surviving husband. However, the property was subject to a lien in the amount of $2,949.01, and the value of the inheritance was thereby reduced by that sum. Priester, in paying the taxes on the property, making improvements and discharging the lien thereon,

cannot be considered a volunteer. He was in possession as the surviving spouse, under Code § 64.1-33, awaiting assignment of his curtesy. He had the right to make the payments for his own protection and indemnity and to look to the property for reimbursement. In *Simmons* v. *Lyles, Adm'r & als., supra*, at 762-63, it was also said:

> "Subrogation is the creature of the chancery courts. It is not founded upon any idea of contract, but upon principles of equity and good conscience. It is a mode which equity adopts to compel the ultimate discharge of a debt by him who in good conscience ought to pay it. Brandt on Suretyship, § 260. It is not essential that the party invoking the remedy should technically occupy the position or relation of surety for the debt. It is enough that he is required to pay for his own protection and indemnity, or to relieve his estate of a subsisting lien or incumbrance accruing by operation of law, or created by act of the party in whose behalf the payment is made."

The record shows that all parties agreed that the property involved was not susceptible to partition in kind and that the interests of all would be promoted by a sale and a division of the proceeds. In its final decree the court directed that Priester be reimbursed his expenditures for installing the windows ($1,039.68) and for discharging the deed of trust ($2,949.01), and that these amounts be deducted from the proceeds realized from a sale of the property ($12,500) before computing Priester's curtesy, i.e., Priester would have curtesy in $8,511.31. The court further made provision regarding the division of costs and the reimbursement of Priester for the taxes paid by him subsequent to the death of his wife. We find no error in the decree of the lower court, and it is

*Affirmed.*