# Wytheville.

## M. E. GEE, TRUSTEE, AND OTHERS, v. WINLAS

## McCORMICK, AND OTHERS.

June 11, 1925.

Argued before Judge Chichester took his seat.

1. INFANTS—*Whether Suit a Creditors' Suit or a Suit for Sale of Infants'*
   *Lands.*—A proceeding instituted by a guardian against his wards and
   their mother for the sale of certain lands, which had descended to
   the infants from their father, to pay the debts of the father, was
   primarily a suit for the sale of the infants' lands, and in no sense a
   creditors' suit.

2. INFANTS—*Jurisdiction of Equity—Suit for Sale of Infants' Lands—Statu-*
   *tory Proceedings.*—A suit instituted for the purpose of selling the
   lands of infants is a purely statutory proceeding. Courts of equity
   possess no inherent power, as guardians of infants, to sell their real
   estate for the purpose of reinvestment, or when it is to the advantage
   of the infants to do so.

3. INFANTS—*Suit for Sale of Infants' Lands—Substantial Compliance with*
   *the Statute.*—In every suit for the sale of infants' lands there must be
   at least a substantial compliance with the statute, and this must
   appear from an inspection of the proceedings had. Such substantial
   compliance is just as indispensable as process is against an adult in
   an ordinary suit. The infant is considered as objecting at every
   point and to every step taken in the proceedings, and no demurrer
   is needed on his part to protect him from defective allegations of the
   bill.

4. EQUITY—*Jurisdiction—Supplementary Jurisdiction of Equity—Allega-*
   *tion and Proof of Jurisdictional Facts.*—Where a bill is addressed to
   the supplementary jurisdiction of equity—a jurisdiction not inherent
   in the equity courts, but conferred by special statute, and to be
   exercised only under prescribed statutory conditions of fact—the bill
   must affirmatively allege, and the plaintiff must prove, the required
   jurisdictional facts; and the jurisdiction may legally be exercised
   only in substantial compliance with the statute, otherwise the case
   is *coram non judice*; and, in spite of the consent or waiver of the de-
   fendant, any decree therein entered, beyond dismissal of the bill,

is void whenever and wherever questioned.  And the same is true where the statute, if it does not confer, limits the jurisdiction of the court.

5. INFANTS—*Sale of Infants' Lands to Pay Father's Debts—Bill Failing to Allege that Lands in Question were all of Father's Real Estate.*—In the instant case, a suit in equity by a guardian for the sale of his wards' lands to pay the debts of their father, from whom the lands descended, the bill was defective because it not only failed to allege that the tract of land in question was all of the real estate of the father, but it affirmatively appeared that the father was the owner of other valuable lands.

6. INFANTS—*Sale of Infants' Lands to Pay Father's Debts—Bill Failing to Allege that the Father did not Leave Personalty Sufficient to Pay his Debts.*—In the instant case, a suit in equity by a guardian for the sale of his wards' lands to pay the debts of their father, from whom the lands descended, the bill was defective because it did not allege that the father's personal property was insufficient to discharge his debts.

7. INFANTS—*Sale of Infants' Lands—Parties—Heirs of Infants—Uncle and Mother of Infants.*—In a proceeding for the sale of infants' lands the bill alleged that if the infants were dead their mother would be their heir.  It also alleged that the land in question was derived by the infants by inheritance from their father.  It appeared that a brother of the father was living at the time suit was brought.

   *Held:* That this brother was a necessary party to the suit under section 5335 of the Code of 1919, as under section 5272 of the Code of 1919 he and not the mother would be the infants' heir in case of their death as to the land descended to them from their father.

8. INFANTS—*Sale of Infants' Lands—Parties—Heirs of Infants.*—The presence of the necessary parties required by section 5335 of the Code of 1919, in a suit for the sale of infants' lands, is jurisdictional, and a decree rendered in their absence is void as to infants whose interests are affected thereby.

9. INFANTS—*Sale of Infants' Lands—Parties—Heirs of Infants.*—The reason for the requirement of the statute (section 5335 of the Code of 1919) that the heirs of the infants be made parties is twofold:  First, the presumed affection of such heirs for the infants; and, second, their personal contingent interest in the land sought to be sold.  It is a natural conclusion that those who may become the owners of the land or its proceeds will see that the same is not sacrificed by a guardian who is recreant to the trust imposed upon him.

10. INFANTS—*Sale of Infants' Lands—Answer by Guardian Ad Litem—Infants over Fourteen Years of Age.*—In a suit for the sale of infants' lands under section 5335 of the Code of 1919, the failure of the guardian *ad litem* to answer in his own proper person for infants, who were over the age of fourteen years, is error.  Where infant is over fourteen

three answers are necessary.  (1) The infant's, (2) guardian's, and (3) the infant's by guardian, under the general rules of chancery practice.

11.  INFANTS—*Sale of Infants' Lands—Reference to a Commissioner.*—In a suit for the sale of infants' lands, the case should be referred to a master commissioner to make the following inquiries:  Of what estate, real and personal, the infant defendant is possessed or entitled; where such estate is situated; what its fee simple and annual value, and what liens, if any, are against the same.  Whether the interest of the said infant defendant will be promoted by incumbering or selling the real estate in the bill mentioned, or any part thereof, and, if incumbered, what amount should be borrowed on the same, and how the proceeds should be distributed or invested if encumbered or sold.  Whether the rights of any person will be violated by such incumbrance or sale and investment.  Who would be the heirs at law or distributees of said infant defendant if he were dead, and whether all such persons are properly before the court in the cause.

12.  INFANTS—*Sale of Infants' Lands—Premature Suit—Sale to Pay Debts of Infants' Father Before an Administrator was Appointed.*—A suit for the sale of infants' lands to pay the debts of their father, from whom the lands descended to them, is prematurely instituted, where the record discloses that there had never been an administrator for the estate of the father.  Until there has been a settlement of the estate, the land of a decedent should not be sold for the payment of his debts.  If the personal estate of the decedent exceeds his debts, there can be no occasion to sell his land to discharge the indebtedness of the estate.

13.  JUDICIAL SALES—*Confirmation—Setting Aside—Limitation of Actions—Case at Bar.*—In the instant case it was argued that the sale of infants' lands to appellant was protected by the provisions of section 6306 of the Code of 1919, which provides that a sale under a decree of court shall not be disturbed unless within twelve months from confirmation the sale be set aside.  It appeared from the record that while the decree setting aside the proceedings under the original bill, and dismissing the same, was entered twelve months after the confirmation of the sale to appellant, the bill of review was filed before the expiration of the twelve months, and thus the period of limitation was suspended until the entry of the decree complained of.  Moreover, the court being without jurisdiction to enter the decree for the sale of the land in question, the decree was void, and by no process known to the law can the statute relied on breathe the breath of life into a dead thing.

14.  JUDICIAL SALES—*Confirmation—Limitation of Actions.*—In no case has section 6306 of the Code of 1919, which provides that a sale under a decree of court shall not be disturbed unless within twelve months.

from confirmation the sale be set aside, been applied where the relief sought was based on a void decree.

15. INFANTS—*Sale of Infants' Lands—Substantial Compliance with Statute.*— One who becomes a purchaser at a sale of infants' lands must bear the burden, however onerous, of seeing that the statute authorizing the sale is substantially complied with.

16. INFANTS—*Sale of Infants' Lands—Setting Aside—Restitution to Purchaser—Stare Decisis—Concurring Opinion of Burks, J., and Prentis, P.*—In a note concurring in the opinion of the court Judge Burks points out that the holding set forth in the 12th headnote to *Parker* v. *Stephenson,* 127 Va. 431, 104 S. E. 39, was not, under the facts as they developed, necessary to the decision of that case, and that the point was not fully argued and considered, and that the court wishes the question therein decided to be considered as undecided, and fully open for argument and consideration. Judge Prentis, the only member of the court, as at present constituted, who sat in that case, concurred in Judge Burks' memorandum.

Appeal from a decree of the Circuit Court of Prince Edward county. Decree for complainants. Defendants appeal.

*Amended and affirmed.*

The opinion states the case.

*J. Taylor Thompson,* for the appellants.

*Watkins & Brock,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

At the first January rules, 1922, W. A. Stokes, guardian of Winlas McCormick, Flossie McCormick, Dorothy McCormick, Beverly McCormick, Bernice McCormick and Wilbourne McCormick, filed his bill in chancery against his wards above named and Minnie McCormick Stokes, the latter being the mother of the infant defendants and the widow of Beverly McCormick, the father of said infant defendants.

At the time of the institution of the suit, Winlas McCormick and Flossie McCormick were nineteen and seventeen years of age, respectively. The other infant defendants were under the age of fourteen years.

The bill of complaint alleged that Beverly D. McCormick died seized and possessed of a certain parcel of real estate containing eighty-five acres, more or less, situated in the county of Prince Edward, Virginia; that the said Beverly McCormick died intestate; that Minnie Beverly, his widow, was entitled to dower in the land, and if a sale of same was decreed, was willing to accept commutation of dower; that the infant defendants obtained title to the real estate under the statute of descents and distribution, as heirs of their father, Beverly McCormick; that B. D. McCormick was indebted at the time of his death in the sum of $1,000.00, and that his estate was insufficient to discharge the indebtedness; that Minnie McCormick has, subsequent to the death of B. D. McCormick, intermarried with complainant; that she is so situated that she cannot cultivate the real estate in a profitable manner; that the interest of the infants will be promoted by a sale of the real estate, and that the rights of no person will be violated by said sale; that the heirs and distributees of the infant defendants, if they were dead, would be Minnie McCormick Stokes, their mother, and the said infants and the said Minnie McCormick Stokes are all the persons who are or can in any way be interested in this suit.

The bill was answered by Minnie M. Stokes, John A. Lancaster, guardian *ad litem* for Winlas, Flossie, Dorothy, Beverly, Bernice and Wilbourne McCormick; Winlas McCormick answered in his own proper person, and the decree, noting the filing of the answers, states that Flossie McCormick did likewise, though her answer

does not appear in the record. The evidence of the guardian and Minnie Stokes was taken as to the propriety of sale. The court decreed a sale of the land and directed a special commissioner to carry into effect the decree after the execution of a proper bond and due advertisement of the time, place, and terms of sale.

Pursuant to the terms of the decree, the special commissioner made a sale of the land and reported to court that appellant M. E. Gee had become the purchaser at the price of $1,210.00. In the decree confirming the report of sale there was a provision directing a reference to a commissioner to ascertain the debts owed by Beverly D. McCormick, deceased, together with their amounts and priorities. A report purporting to ascertain the indebtedness was filed, and in pursuance thereof a decree was entered directing the disbursement of the proceeds of sale to those alleged to be creditors of the estate.

At the June term, 1923, of the circuit court, A. W. McCormick, suing as the next friend of the infant defendants in the original suit, filed a bill of review with the consent of the court, to set aside the proceedings had in the suit of W. A. Stokes, guardian, for errors patent upon the face of the proceedings and for alleged acts of fraud committed by the guardian, W. A. Stokes. This bill of review alleged that in addition to the eight-five acre tract of land mentioned in the original bill, Beverly D. McCormick died seized and possessed of a sixty-five acre tract of land; that the eighty-five acre tract of land sold to M. E. Gee for the sum of $1,210.00 was in reality worth between $3,000.00 and $4,000.00; that this tract of land was, as a matter of fact, purchased by the guardian, W. A. Stokes, as shown by the deed of Gee to W. A. Stokes and his sister, Cornelia S. Ely, dated the 20th day of December,

1922, for the identical sum of $1,210.00; that Beverly
D. McCormick, at the time of his death was only in-
debted in a sum approximating two hundred dollars;
that in addition to the real estate he left $275.00 in
cash and other personal property consisting of live
stock, farming implements, etc., of the value of $800.00;
that this property went into the hands of W. A. Stokes
who has failed to account for same; that the debts
reported by the special commissioner were not the
debts of the estate of Beverly D. McCormick, but were
the debts of W. A. Stokes, Minnie McCormick Stokes
and Winlas McCormick.

Upon a hearing, the circuit court entered the follow-
ing decree:

"On consideration whereof, it appearing to the court
that the said *W. A. Stokes, guardian,* v. *Minnie Mc-
Cormick Stokes et als.;* now depending in this court, and
in the proceedings of which the eighty-five acre tract
of land in the county of Prince Edward, commonly
known as the Brick House tract, on which Beverly
McCormick lived at the time of his death and of which
he died seized and possessed, was sold and purchased
by M. E. Gee (and subsequently purchased of the said
M. E. Gee by W. A. Stokes, the guardian) was for the
purpose of selling infants' lands to pay the debts of the
decedent, and was brought by the guardian; and fur-
ther that the said suit does not substantially comply
with the statute for the sale of the lands of persons
under a disability, and that the court was without
jurisdiction to order the said sale in said proceedings,
doth so decide, adjudge, order and decree; and the
court doth set aside, vacate and annul the said decrees
of the April term, 1922, September term, 1922, and
November term, 1922, in the suit of W. A. Stokes,
Guardian, Minnie McCormick Stokes *et als.*

"And being further of the opinion that the said deed. to M. E. Gee, the deed of trust from M. E. Gee to W. E. Hailey, trustee, the deed from M. E. Gee to W. A. Stokes, the guardian, and Cornelia Stokes Eley, and. the deed of trust from the said W. A. Stokes and Cornelia Stokes Eley to M. E. Gee, trustee, to secure the Planters Bank of Keysville, are void, doth so decide, and doth set aside, vacate and annul all of said deeds and deeds of trust; that the deed of M. E. Gee being itself void, the said deed and deed of trust subsequently made and based, therefore, on a void deed, are themselves void and of no effect; and that the complainants do recover of the defendants their costs in this behalf expended."

It is this decree which is the subject of this appeal.

[1] 1st: The action of the chancellor on holding that the circuit court was without jurisdiction to order the sale of the eighty-five acre tract of land.

That the original bill was filed for the purpose of selling infants' lands is conceded by appellant W. A. Stokes in his answer to the bill of review. The concession to this effect is as follows: "This respondent further alleges that said chancery cause was a proceeding by this respondent as guardian for said debts to be first reduced to liens for the purpose of selling said real estate." R. 63.

Had this concession not been made, we are firmly of the opinion that no other construction could be placed upon the bill than that it is one primarily filed for the sale of infants' lands, and is in no sense a creditors' suit. This being true, the determinative question is: Did the court have jurisdiction in the original suit?

[2] A suit instituted for the purpose of selling the lands of infants is a purely statutory proceeding. "The doctrine in this State is well settled that courts

of equity possess no inherent power, as guardians of infants, to sell their real estate for the purpose of reinvestment." *Rhea* v. *Shields*, 103 Va. 309, 49 S. E. 70, 71.

Dealing with the same subject matter, Judge Buchanan, in *Coleman* v. *Va. Stave Company*, 112 Va. 70, 70 S. E. 545, 548, said: "In this State a court of equity has no authority under its general jurisdiction as guardian of infants to sell their real estate whenever it is to the advantage of the infants to do so, whether for reinvestment or for their maintenance and education." See *Faulkner* v. *Davis*, 18 Gratt. (59 Va.) 651, 98 Am. Dec. 698; *Rinker* v. *Streit*, 33 Gratt. (74 Va.) 663; *Gayle* v. *Hayes*, 79 Va. 342; *Whitehead* v. *Bradley*, 87 Va. 676, 13 S. E. 195.

In order to give a court of equity jurisdiction when suit is brought under the provisions of section 5335, Code of 1919, it is essential the following be made to appear:

(1) "*  *  plainly all the estate real and personal belonging to the infant;"

(2) "All the facts calculated to show the propriety of the sale;"

(3) "It must be verified by the oath of the plaintiff;"

(4) "The infant and those who would be his heirs were he dead, and all others interested, must be made parties defendant to the bill.

(5) "To every infant defendant there shall be appointed a guardian *ad litem*, who as well as the infant (if over fourteen years of age) must answer the bill on oath in proper person."

(6) "No deposition can be read in the suit unless it be taken in the presence of the guardian *ad litem* or upon interrogatories agreed on by him."

(7) "Before the court can order a sale it must be

clearly shown, independently of any admission in the answers, that the interests of the infant will be promoted thereby, and the court must be of opinion that the rights of no person will be violated by the sale." *Coleman* v. *Va. Stave Co., supra.*

[3] In every suit for the sale of infants' lands there must be at least a substantial compliance with the statute and this must appear from an inspection of the proceedings had.

"It seems to be settled law, that when a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceedings will be a nullity." *Brenham* v. *Smith*, 120 Va. 33, 90 S. E. 657, 658, and authorities cited.

So fully has the subject of the sale of infants' lands been dealt with by this court, we deem it only necessary to quote from the more recent cases in order to preserve the continuity of the decisions.

In *Coleman* v. *Stave Co., supra,* Judge Buchanan said: "In reaching the conclusion that the proceedings in the original suit were invalid, we have not been unmindful of the fact that sound policy requires that judicial sales should be sustained as far as possible consistent with the rights of others, and that innocent purchasers are favorites of the law. But infants are also the favorites of courts of chancery. They are not only incapable of conveying their real estate, but are incompetent to consent to any of the proceedings provided by law for its disposition. In such a proceeding as the one involved in this case, they stand in the position of hostile parties to it and are treated as objecting to every step taken therein."

In *Brenham* v. *Smith*, 120 Va. 30, 90 S. E. 657, Judge Kelly said: "The mandatory requirements of the statute providing for the sale of infants' lands were all manifestly thought by the legislature to be essential to the protection of infants; they have been scrupulously and sacredly observed and enforced by the courts; and it is, as we have seen, settled law in Virginia that a substantial compliance with them is just as indispensable as process is against an adult in an ordinary suit. Indeed, the procedure in such cases is process itself." Again it is said: "As the law now stands in Virginia, an affirmance of the decree appealed from would as clearly be a taking of the property without due process of law as the enforcement of a judgment in ejectment rendered without process on, or appearance by, the defendant." Again it is said: "The legislature has wisely surrounded such sales with all reasonable safeguards, and the courts have been astute to give effect to this protective legislation."

In *Watkins* v. *Ford*, 123 Va. 268, 96 S. E. 193, Judge Whittle said: "Nowhere has the property of infants been more carefully guarded against injudicious sales than in this State. The legislature has wisely surrounded such sales with all reasonable safeguards, and the courts have been astute to give effect to this protective legislation. The case of *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 70 S. E. 545, affords a conspicuous illustration of the rule of decision in that class of cases."

In *Parker* v. *Stephenson*, 127 Va. 439, 104 S. E. 39, 41, Judge Burks said: "In a suit to sell or mortgage the lands of an infant, he is considered as objecting at every point and no demurrer is needed on his part to protect him from defective allegations of the bill. Substantial compliance with the procedure prescribed

by the statute is essential to the jurisdiction of the court to enter any decree in the cause."

[4] In *Farant Invest. Corp.* v. *Francis*, 138 Va. 417, 122 S. E. 141, Judge Sims quotes with approval Lile's Pl. & Pr., section 18, as follows: "* * where the bill is addressed to the supplementary jurisdiction of equity—a jurisdiction not inherent in the equity courts, but conferred by special statute, and to be exercised only under prescribed statutory conditions of fact * *—the bill must affirmatively allege, and the plaintiff must prove, the required jurisdictional facts; and the jurisdiction may be exercised only in substantial compliance with the statute—otherwise, the case is *coram non judice;* and in spite of the consent or waiver of the defendant, any decree therein entered, beyond dismissal of the bill, is void whenever and wherever questioned." Again it is said in the same case: "And the same is true where, as in the instant case, the statute, if it does not confer, limits the jurisdiction of the court."

[5-7] Tested by the rule laid down in the foregoing decisions, we are of the opinion that the circuit court did not err in entering the decree complained of in the particular mentioned. The errors appearing upon the face of the proceedings are many. The bill not only fails to allege that the eighty-five acre tract of land mentioned is all of the real estate, but it is affirmatively made to appear by a decree entered at the November term, 1922, that a one acre tract of land was sold to Gee, which was not embraced in the decree directing the sale of the eighty-five acre tract. In addition, it affirmatively appears that Beverly D. McCormick was the owner of a valuable tract of land containing sixty-five acres.

As to its allegations in regard to the personal estate

of the defendants, the bill is wholly deficient. The allegation of the bill that if the infants were dead their mother, Minnie M. Stokes, would be their heir is erroneous. The bill alleged that the land mentioned therein was derived by the infants by inheritance from their father. Under section 5272 of Code 1919, it is provided: "If an infant die without issue, having title to real estate derived by * * descent from one of his parents, the whole of it shall descend and pass to his kindred on the side of that parent from whom it was so derived, if any such kindred be living at the death of the infant * * ."

[8] It plainly appears from the proceedings that A. W. McCormick, the brother of Beverly D. Mc-Cormick, was a necessary party to the suit.

"Under our decisions, some of which are hereinbefore reviewed, the presence of the necessary parties required by section 2616, Code 1904 (section 5335, Code 1919), in a suit of this nature, is jurisdictional, and a decree rendered in their absence is void as to infants whose interests are affected thereby." *Parker* v. *Stephenson*, *supra*.

[9] How many other relatives Beverly D. McCormick had at the time of the institution of the suit is not disclosed by the record. The reason for the requirement of the statute that the heirs of the infants be made parties is two-fold: First, the presumed affection of such heirs for the infants; and second, their personal contingent interest in the land sought to be sold. It is a natural conclusion that those who may become the owners of the land or its proceeds will see that the same is not sacrificed by a guardian who is recreant to the trust imposed upon him.

[10] Another error apparent on the face of the proceedings is the failure of the guardian *ad litem* to file

an answer in his own proper person for the infants, Winlas and Flossie McCormick, who were over the age of fourteen years. "Where an infant is over fourteen, three answers are necessary: (1) The infant's, (2) guardian's, and (3) the infant's by guardian, under the general rules of chancery practice." Note to section 5337, Code 1919.

[11] In this case all of these errors or omissions would have been discovered had the case been referred to a master commissioner to make the following inquiries:

1. Of what estate, real and personal, the infant defendant is possessed or entitled, where such estate is situated, what its fee simple and annual value, and what liens, if any, are against the same;

2. Whether the interest of the said infant defendant will be promoted by encumbering or selling the real estate in the bill mentioned, or any part thereof, and if encumbered what amount should be borrowed on the same, and how the proceeds should be distributed or invested if encumbered or sold;

3. Whether the rights of any person will be violated by such encumbrance or sale and investment;

4. Who would be the heirs at law or distributees of said infant defendant if he were dead, and whether all such persons are properly before the court in the cause.

So important is it to the infants, to the heirs or distributees; and to the purchaser, that all the requirements of the statute should be met, in a suit for the sale of infants' land, that we suggest to the profession and the trial courts that the foregoing procedure be adopted.

[12] Without undertaking to enter into a more detailed discussion of other errors apparent on the face of the proceedings, we will content ourselves with remark-

ing that the original suit was prematurely instituted. As far as the record discloses there has never been an administrator for the estate of Beverly D. McCormick. Until there has been a settlement of the estate, the land of the decedent should not be sold for the payment of his debts, unless for good cause shown. It is alleged in the bill of review that the personal estate of Beverly McCormick amounted to $800.00 or $1,000.00. If this was true, there was no occasion to sell the land to discharge the indebtedness of the estate.

As to the alleged fraud on the part of the guardian in the purchase of the property from Gee, we do not think a disposition of the question essential to a decision of the case.

[13] The second assignment of error relied on is that appellant, M. E. Gee, is protected in his purchase of the eighty-five acre tract of land by the provisions of section 6306 of the Code of 1919. This section of the Code is as follows:

"If a sale of property be made under a decree or order of a court, and such sale be confirmed, the title of the purchaser at such sale shall not be disturbed unless, within twelve months from such confirmation, the sale be set aside by the trial court or an appeal be allowed by the Supreme Court of Appeals, and an order or decree be therein afterwards entered requiring such sale to be set aside, but there may be restitution of the proceeds of sale to those entitled."

There is no merit in this assignment of error. The record discloses the fact that while the decree setting aside the proceedings under the original bill and dismissing the same was entered twelve months after the confirmation of the sale to Gee, the bill of review was filed before the expiration of the twelve months and thus the period of limitation was suspended, until the

entry of the decree complained of. The court being without jurisdiction to enter the decree for the sale of the eighty-five acre tract of land, the decree was void, and by no process known to the law can the statute relied on breathe the breath of life into a dead thing.

This court, in *Brenham* v. *Smith, supra,* construing section 3425, which is similar to section 6308, said:

"The question, therefore, for this court to decide is whether section 3425 can be successfully invoked by a purchaser who has bought under a void decree. There seems to be but one answer to the question, and that answer in the negative."

Again, in the same case, it is said: "As the law now stands in Virginia, an affirmance of the decree appealed from would as clearly be a taking of property without due process of law as the enforcement of a judgment in ejectment rendered without process on or appearance by the defendant."

[14, 15] In no case has the statute been applied where the relief sought was based upon a void decree. One who becomes a purchaser at a sale of infants' lands must bear the burden, however onerous, of seeing that the statute authorizing the sale is substantially complied with.

The decree under review, pursuant to Rule VIII, will be amended so as to set aside the sale of the one acre tract of land to M. E. Gee and to restore the same to the heirs of Beverly D. McCormick, and as so amended will be affirmed.

*Amended and affirmed.*

BURKS, J., concurring:

[16] I concur in the opinion of the court. In *Parker* v. *Stephenson,* 127 Va. 431, 104 S. E. 39, cited in the opinion of the court, the opinion was prepared by me.

The holding set forth in paragraph 12 of the syllabus was not, under the facts as they developed, necessary to the decision of the case, and the point was not fully argued and considered. Should the question therein decided again come before the court, we wish it to be considered as undecided, and fully open for argument and consideration. This memorandum does not affect the instant case, or the proposition for which *Parker* v. *Stephenson* is cited. I am authorized by Judge Prentis (the only other member of the court, as at present constituted, who sat in that case) to say that he concurs in this memorandum.