Elite Child, Inc.

v.

Kadosh, Inc.

October 7, 1997

Case No. (Law) L97-322

BY JUDGE BENJAMIN N. A. KENDRICK

On May 21, 1997, this case was designated by order of the Virginia Supreme Court to be heard by this judge. Plaintiff filed its Motion for Judgment on January 24, 1997, seeking damages from the defendant for allegedly failing to timely deliver merchandise plaintiff ordered from the defendant and for ultimately delivering non-conforming goods. On February 18, 1997, defense counsel specially appeared and filed a Plea to the Jurisdiction, arguing that the defendant does not have the minimum contacts with Virginia to warrant jurisdiction under the Virginia Long Arm Statute, § 8.01-328.1. On September 9, 1997, this Court requested that both counsel submit memoranda in support of, and in opposition to, the defendant's motion. Defense counsel responded; plaintiff's counsel did not. For the reasons stated below, the Court grants the defendant's motion.

Defendant argues that the plaintiff's failure to complete Paragraph 1 of the Affidavit for Service of Process on the Secretary of the Commonwealth is a fatal defect. That paragraph, if selected by plaintiff, states that the defendant "is a nonresident of the Commonwealth of Virginia or a foreign corporation and § 8.01-328.1(A) applies." Then the plaintiff is asked to include the number of the appropriate subsection of the statute that forms the basis of the long-arm jurisdiction. It is clear from the Affidavit that plaintiff did not include a subsection number, nor did plaintiff supplement the Affidavit in any manner.

Furthermore, the defendant argues that the plaintiff's Motion for Judgment fails to assert the required factual basis for long-arm jurisdiction. Paragraph 3 of the Motion for Judgment states that "the defendant regularly conducts business in the Commonwealth of Virginia." The rest of the pleading states facts alleging late delivery and delivery of nonconforming merchandise, but there is no other discussion relating to jurisdiction. Defendant contends that the plaintiff's "conclusory" statement is insufficient to support jurisdiction under the long-arm statute.

The Court agrees with the defendant. Where the jurisdiction invoked is conferred by special statute and is to be exercised only under the prescribed statutory conditions of fact, the plaintiff must allege and prove the required jurisdictional facts. See *Gee v. McCormick*, 142 Va. 173 (1925), and *Khatchi v. Landmark Restaurant Associates*, 237 Va. 139 (1989) (if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service is invalid). The plaintiff has the burden of proving jurisdictional facts under the long-arm statute. *Haynes v. Carr*, 427 F.2d 700 (4th Cir. 1970). The Court must make a two-step inquiry: (1) does the statutory language permit service of process on the nonresident defendant under the facts asserted; and (2) is the exercise of personal jurisdiction under the statute consonant with the due process clause of the United States Constitution (does the defendant have minimum contacts with the forum state so that conferring jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice?). See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Upon review of the pleadings and the record in this case, the Court finds that the plaintiff does not meet its burden of providing a factual basis for jurisdiction over the defendant under the long-arm statute. By omitting in the Affidavit the particular subsection under which long-arm jurisdiction lies, the plaintiff fails to comply with the statute. However, even without the plaintiff asserting a particular subsection of the long-arm statute, no facts asserted by plaintiff meet any of the statute's subsections. The Motion for Judgment is silent on a number of critical facts which, if asserted, may be sufficient to confer long-arm jurisdiction over the defendant. Were the defendant's samples furnished to the plaintiff in Virginia? Where was the contract between the parties executed? What is missing from the plaintiff's Motion for Judgment is a factual assertion that the defendant solicited plaintiff's business in Virginia or that the defendant knowingly distributed goods to the plaintiff in Virginia or that the defendant somehow engaged in a purposeful activity which would meet the statutory requirement and which would establish that

the defendant had minimum contacts with Virginia. Even a single business transaction in Virginia is sufficient to meet the minimum contacts requirement. *Kolbe, Inc. v. Chromodern*, 211 Va. 736 (1971); see *Associates Financial Services Co. v. McPeek*, 222 Va. 176, 179 (1981). In the absence of a factual basis to support jurisdiction under the long-arm statute, the Court sustains the defendant's Plea to the Jurisdiction.